DAVID M. JOLLEY (SBN 191164)
Email: djolley@donahue.com
DONAHUE FITZGERALD LLP
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile: (510) 451-1527

Attorneys for Defendant
TOOTSIE ROLL INDUSTRIES, LLC

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAISEL, individually and on behalf of all others similarly situated,<br><br>　　Plaintiff,<br><br>　　v.<br><br>TOOTSIE ROLL INDUSTRIES, LLC, and DOES 1 through 10, inclusive,<br><br>　　Defendants. | Civil Case No.:<br><br>**DEFENDANT TOOTSIE ROLL INDUSTRIES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Complaint filed: May 29, 2020<br>Complaint served: July 2, 2020 |

Defendant Tootsie Roll Industries, Inc. ("Tootsie Roll") hereby notices removal of this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, San Francisco/Oakland Division (per Civil L.R. 3-2).  This Court has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

In further support of this Notice of Removal, Tootsie Roll states as follows:

## I.     PROCEDURAL HISTORY

1.     On May 29, 2020, plaintiff Elizabeth Maisel filed this action in the Superior Court of the State of California, County of Alameda.  A true and correct copy of the Complaint is attached to the Declaration of David M. Jolley ("Jolley Decl." or "Jolley Declaration") (filed herewith) as **Exhibit A**.

2.     Pursuant to an agreement between the parties, plaintiff's counsel sent Tootsie Roll's counsel the Summons and Complaint, along with a Notice and Acknowledgement of Receipt form, by email.  Tootsie Roll's counsel executed the Notice and Acknowledgement of Receipt of the Summons and Complaint on July 2, 2020, and returned it to plaintiff's counsel, thereby completing formal service of process.  *Id.* ¶ 3.  In addition to the Summons and Complaint, the following additional documents have been entered on the docket in this case in the California Superior Court for the County of Alameda: a Civil Case Cover Sheet, a Declaration of Matthew T. Theriault re Venue, a Notice of Hearing, the executed Notice and Acknowledgement of Receipt, and a Proof of Service of the Notice of Hearing.  *Id.* ¶ 4.  A true and correct copy of the Summons served on Tootsie Roll is attached to the Jolley Declaration as **Exhibit B**.  A true and correct copy of the Civil Case Cover Sheet is attached to the Jolley Declaration as **Exhibit C**.  A true and correct copy of the Declaration of Matthew T. Theriault re Venue is attached to the Jolley Declaration as **Exhibit D**.  A true and correct copy of the Notice of Hearing is attached to the Jolley Declaration as **Exhibit E**.  A true and correct copy of the executed Notice and Acknowledgement of Receipt is attached to the Jolley Declaration as **Exhibit F**.  A true and correct copy of the Proof of Service of the Notice of Hearing is attached to the Jolley Declaration as **Exhibit G**.

3.     Exhibits A-G to the Jolley Declaration constitute all of the process, pleadings, and orders served on Tootsie Roll in this case, and are attached to the Simonsen Declaration pursuant to 28 U.S.C. § 1446(a).

4. The Complaint concerns Tootsie Roll's sale of Junior Mints and Sugar Babies in "theater boxes." Jolley Decl. Ex. A, Introductory Paragraph (at p. 1). Plaintiff asserts that Tootsie Roll's packaging of these products is "deceptive," as the packaging at issue allegedly contains "an unlawful amount of empty space or slack fill." *Id.* Ex. A ¶¶ 2, 3. On behalf of a putative class of consumers who purchased Junior Mints and/or Sugar Babies in theater boxes in California from May 29, 2016 to May 2, 2018, plaintiff asserts violations of California's Unfair Competition Law ("UCL"), California's False Advertising Law ("FAL"), California's Consumers Legal Remedies Act ("CLRA"), and claims of Unjust Enrichment, Common Law Fraud, and Breach of Implied Warranty of Merchantability. *See id.* Ex. A ¶¶ 97-196. As a remedy, plaintiff seeks restitution, along with fees and costs. *See id.* Ex. A, Prayer for Relief (at p. 38).

## II. PARTIES

5. Plaintiff is alleged to be a resident of California who purchased the disputed Product in Alameda County. *Id.* Ex. A ¶ 9.

6. Tootsie Roll is a corporation incorporated under the laws of Virginia. *See* Declaration of Barry Bowen ("Bowen Decl.") ¶ 2 (filed herewith)**.**[1] It has its principal place of business in Chicago, Illinois. *Id.* Ex. A ¶ 10.

7. The Complaint also names as defendants Does 1-10, but does not allege the residency or citizenship of these defendants. *Id.* Ex. A ¶ 11.

## III. TIMELINESS OF REMOVAL

8. After receiving the Summons and Complaint from plaintiff's counsel by email, Tootsie Roll's counsel executed a Notice and Acknowledgement of Receipt of the Summons and Complaint on July 2, 2020, and returned it to plaintiff's counsel, thereby completing formal service of process. *Id.* ¶ 3.

9. This Notice of Removal, filed 27 days after formal service of process, is therefore timely pursuant to 28 U.S.C. § 1446(b) and Rule 6(a) of the Federal Rules of Civil Procedure. *See*

---

[1] The Complaint does not allege the state of incorporation of Tootsie Roll.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (time for removal runs from receipt of formal service of process, including a summons).

### IV.   BASIS FOR REMOVAL JURISDICTION

####   A.   Jurisdiction

10.   The claims asserted by plaintiff give rise to jurisdiction under CAFA, 28 U.S.C. § 1332(d).  Tootsie Roll also invokes all other grounds for removal that exist under applicable law.

11.   This Court has jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because this case is (1) a proposed class action within the meaning of CAFA, in which (2) "any member of a class of plaintiffs is a citizen of a State different from any defendant," (3) the "number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," and (4) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs."  *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

####   B.   CAFA's "class action" requirement is satisfied.

12.   CAFA defines a "class action" to include "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute … authorizing an action to be brought by 1 or more representative persons as a class action."  28 U.S.C. § 1332(d)(1)(B).  This case qualifies as a class action removable under Section 1332(d)(1)(B).  The Complaint states that plaintiff "brings this action on her own behalf and on behalf of all other persons similarly situated."  Simonsen Decl. Ex. A ¶ 85.

13.   Specifically, Plaintiff seeks to represent "All persons who purchased the Products in California, for personal consumption and not for resale during the time period May 29, 2016 to May 2, 2018."  *Id.*

####   C.   CAFA's minimal diversity requirement is satisfied.

14.   CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).  This requirement is satisfied here because (a) plaintiff is a resident of California and seeks to represent a class California consumers, and (b) Tootsie Roll is not a citizen of California.  Tootsie Roll is not incorporated in California and does not have its main offices or principal places of business in California.  *See* Bowen Decl. ¶ 2; Jolley Decl. Ex.. A ¶ 10.  Because Tootsie Roll is diverse from

plaintiff and from the putative class members she seeks to represent, CAFA's minimal diversity requirement is satisfied.

### D. CAFA's amount-in-controversy requirement is satisfied.

15. CAFA jurisdiction requires that "the matter in controversy [must] exceed[] the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy" meets the $5,000,000 threshold. *Id.* § 1332(d)(6).

16. A notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," not an evidentiary submission. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1196 (9th Cir. 2015) (recognizing *Dart*'s holding).

17. Plaintiff seeks restitution for all class members. Jolley Decl. Ex. A Prayer for Relief (at p. 38). Specifically, one of plaintiff's theories of recovery is plaintiff's allegation that "Plaintiff [and accordingly the putative class] would not have purchased the Products had she known that the Products contained slack-fill that serves no functional or lawful purpose." *Id.* Ex. A ¶ 31; *see also id.* Ex. A ¶¶ 9 (Plaintiff "would not have purchased the Product" but for Tootsie Roll's deception), 91 (same); 126 (same); 136 (same); 146 (same); 156 (same); 171 (same); 188 (same); 196 (same). Accordingly, plaintiff is seeking a recovery of restitution for all amounts received by Tootsie Roll from the sale of the disputed products in California from May 29, 2016 to May 2, 2018.

18. Using data and records that Tootsie Roll maintains in the normal course of business, Tootsie Roll's dollar amount of wholesale sales of Junior Mints and Sugar Babies in the challenged theater boxes to consumers in California exceeds $6 million during the putative class period. See Bowen Decl., ¶ 3.

19. If the putative class is awarded the full restitution sought in the Complaint (as described in Paragraph 17 above), the amount awarded would be in excess of $5 million. (Tootsie Roll disputes that plaintiff or any member of the putative class is entitled to any award.)

20. In addition, the Complaint seeks attorneys' fees. *See id.* Ex. A at p. 30. Such fees are included in any amount-in-controversy analysis. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

21. For the reasons set forth above, the relief sought in the Complaint places more than $5,000,000 in controversy, exclusive of interest and costs. Thus, CAFA's amount-in-controversy requirement is satisfied. *See Dart*, 135 S. Ct. at 554.

### E. CAFA's numerosity requirement is satisfied.

22. This is not an action in which the "number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5)(B). Plaintiff brings this action on behalf of all consumers who purchased Junior Mints or Sugar Babies in snack boxes in California for a two year period. Jolley Decl. Ex. A ¶ 85. Plaintiff alleges that the class "is comprised of thousands of consumers throughout the State of California." *Id.* Ex. A ¶ 86. As such, the size of the putative class in this case exceeds the numerosity requirements imposed by 28 U.S.C. § 1332(d)(5)(B).

### F. All of CAFA's requirements are satisfied.

23. None of the exclusions to CAFA jurisdiction set forth in 28 U.S.C. § 1332(d)(4) applies here, as Tootsie Roll is not a citizen of California.

24. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), and this action is removable pursuant to 28 U.S.C. §§ 1441, 1453.

25. The recitation of the allegations and requests for relief above is not a concession that plaintiff's allegations or legal theories have merit. Tootsie Roll reserves the right to assert all applicable defenses in this matter and deny that plaintiff (and/or the putative class) is in fact entitled to any relief.

## V. REMOVAL TO THE NORTHERN DISTRICT OF CALIFORNIA IS PROPER.

26. Removal to the Northern District of California is proper because it is the district within which the state action is pending. *See* 28 U.S.C. § 1446(a).

### A. Intradistrict Assignment

27. Removal to the Oakland Division of the Northern District of California is proper because it is the division within which the state action is pending. *See id.*

**VI.   NOTICE TO STATE COURT AND PLAINTIFF**

28.  Counsel for Tootsie Roll certify that, pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Alameda, and promptly served upon counsel for plaintiff.

WHEREFORE, the case now pending in the Superior Court of the State of California, County of Alameda, No. RG20062689, is hereby removed to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, 1453.

DATED: July 29, 2020                                        DONAHUE FITZGERALD LLP

By: _____
DAVID M. JOLLEY

Attorneys for Defendant
TOOTSIE ROLL INDUSTRIES, LLC.

# PROOF OF SERVICE

I declare that I am employed in the County of Oakland, State of California. I am over the age of eighteen years at the time of service and not a party to the within cause. My employment address is 1999 Harrison Street, 26th Floor, Oakland, CA 94612.

On July 29, 2020, I served copies of the attached document(s) entitled:

> DEFENDANT TOOTSIE ROLL INDUSTRIES, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT
>
> CIVIL CASE COVER SHEET
>
> DECLARATION OF DAVID M. JOLLEY IN SUPPORT OF DEFENDANT TOOTSIE ROLL INDUSTRIES, LLC'S NOTICE OF REMOVAL
>
> DECLARATION OF BARRY P. BOWEN IN SUPPORT OF DEFENDANT TOOTSIE ROLL INDUSTRIES, LLC'S NOTICE OF REMOVAL

on the interested parties in this action, by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

> Ryan Jack Clarkson, Esq.            *Attorneys for Plaintiff Elizabeth Maisel*
> Clarkson Law Firm, P.C.
> 9255 W Sunset Blvd, Ste 804
> West Hollywood, CA 90069-3305
> rclarkson@clarksonlawfirm.com

X  **E-MAIL OR ELECTRONIC TRANSMISSION**. Based on a Court Order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

X  **FEDERAL**. I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 29, 2020, at Oakland, California.

*/s/ Sara Bonnel*
_____
Sara Bonnel

*Name of Case*: Elizabeth Maisel v. Tootsie Roll Industries, LLC
*Name of Court and Case Number*: United States District Court, Northern District of California (Oakland Div.)