DAVID M. JOLLEY (SBN 191164)
Email:  djolley@donahue.com
DONAHUE FITZGERALD LLP
1999 Harrison Street, 26th Floor
Oakland, California 94612-3520
Telephone: (510) 451-3300
Facsimile:  (510) 451-1527

Attorneys for Defendant
TOOTSIE ROLL INDUSTRIES, LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAISEL, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>      v.<br><br>TOOTSIE ROLL INDUSTRIES, LLC, and DOES 1 through 10, inclusive,<br><br>      Defendants. | Civil Case No.:<br><br>**DECLARATION OF DAVID M. JOLLEY IN SUPPORT OF DEFENDANT TOOTSIE ROLL INDUSTRIES, LLC'S NOTICE OF REMOVAL**<br><br>Complaint filed:  May 29, 2020<br>Complaint Served:  July 2, 2020 |

I, David M. Jolley, declare and state as follows:

1.   I am a partner in the law firm of Donahue Fitzgerald LLP.  I am one of the attorneys representing defendant Tootsie Roll Industries, LLC ("Tootsie Roll") in the above-captioned suit.  I have personal knowledge of the matters stated herein and, if called upon, could competently testify thereto.

2.   On May 29, 2020, plaintiff Elizabeth Maisel filed this action in the Superior Court of the State of California, County of Alameda.  A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

3.   Pursuant to an agreement between the parties, plaintiff's counsel sent Tootsie Roll's counsel the Summons and Complaint, along with a Notice and Acknowledgement of Receipt form, by email.  Tootsie Roll's counsel executed the Notice and Acknowledgement of Receipt of the Summons and Complaint on July 2, 2020, and returned it to plaintiff's counsel, thereby completing formal service of process.

4.   In addition to the Summons and Complaint, the following additional documents have been entered on the docket in this case in the California Superior Court for the County of Alameda:  a Civil Case Cover Sheet, a Declaration of Matthew T. Theriault re Venue, a Notice of Hearing, the executed Notice and Acknowledgement of Receipt, and a Proof of Service of the Notice of Hearing.

5.   A true and correct copy of the Summons served on Tootsie Roll is attached to the Jolley Declaration as **Exhibit B**.

6.   A true and correct copy of the Civil Case Cover Sheet is attached as **Exhibit C**.

7.   A true and correct copy of the Declaration of Matthew T. Theriault re Venue is attached as **Exhibit D**.

8.   A true and correct copy of the Notice of Hearing is attached as **Exhibit E**.

9.   A true and correct copy of the executed Notice and Acknowledgement of Receipt is attached as **Exhibit F**.

10. A true and correct copy of the Proof of Service of the Notice of Hearing is attached as **Exhibit G**.

DECLARATION OF DAVID M. JOLLEY IN SUPPORT OF NOTICE OF REMOVAL

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing is true and correct.

3

4    Executed on July 29, 2020, in Oakland, California.

5

6                                          By: _____

7                                               David M. Jolley

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF DAVID M. JOLLEY IN SUPPORT OF NOTICE OF REMOVAL

# EXHIBIT A

22692409

**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
Zach Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

FILED
ALAMEDA COUNTY

MAY 2 9 2020

CLERK OF THE SUPERIOR COURT
By _____
Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

ELIZABETH MAISEL, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

TOOTSIE ROLL INDUSTRIES, LLC and DOES 1 through 10, inclusive,

Defendants.

Case No.   R G 2 0 0 6 2 6 8 9

**COMPLAINT FOR RESTITUTION**

1. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS AND PROFESSIONS CODE § 17200, *et seq.*
2. FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17500, *et seq.*
3. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE § 1750, *et seq.*
4. UNJUST ENRICHMENT
5. COMMON LAW FRAUD
6. BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

DEMAND FOR JURY TRIAL

Plaintiff Elizabeth Maisel ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Complaint against Tootsie Roll Industries, LLC ("Tootsie" or "Defendant") and Does 1 through 10, inclusive (collectively referred to herein as "Defendants") in connection with the false, deceptive, unfair, unlawful, and fraudulent advertising and labeling of opaque theater box candy products Junior Mints® and Sugar Babies® (the "Products").

1

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

## INTRODUCTION

1.    Tootsie manufactures some of the most popular theater box candy products in the world. To increase profits at the expense of consumers and fair competition, Tootsie participated in a scheme to deceptively sell candy in oversized, opaque boxes that do not reasonably inform consumers that they are half empty. Defendant's "slack-fill" scam dupes unsuspecting consumers across America to pay for empty space at premium prices. *See Figures 1-4.*

*Figure 1.*




    Empty Space (Slack-fill)

    Candy

2

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

2.      Defendant failed to comply with consumer protection and packaging statutes designed to prevent this scam, and relied on its name and goodwill to further this scam even in the face of other lawsuits against similar companies, including a certified class action in California against Defendant's competitors for the same violations. This class action aims to remedy Defendant's unfair business practice by making consumers whole for money lost as a result of Defendant's deceptive product packaging.

*Figure 2.*




  Empty Space (Slack-fill)

  Candy

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

*Figure 3.*



*Figure 4.*



3.      Defendant marketed the Products in a systematically misleading manner by representing them as adequately filled when, in fact, they contained an unlawful amount of empty space or "slack-fill."[1] Defendant underfilled the Products for no lawful reason. The only purpose of this practice was to save money (by not filling the boxes) in order to deceive consumers into

---

[1] Following an action by Plaintiff Ketrina Gordon against Defendant in the Central District of California, *Gordon v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal.), Defendant updated the Products' packaging to address the claims of consumer deception at issue. That Plaintiff discovered on May 2, 2018 that Defendant intended to roll out production of the updated packaging. Specifically, Defendant added to the front of the Products' boxes a prominent depiction of the "actual size" of the candy therein, accompanied by a numerical "piece count" and additional disclaimers regarding, *inter alia*, product settling. Taken together, these packaging modifications eliminated consumer deception caused by Defendant's previous packaging by conspicuously informing consumers of the exact size and number of candy pieces they are buying. In addition, such packaging modifications mirror compliance with the California State Assembly's recent amendments to the applicable slack-fill statute. While such changes provide consumers greater transparency and the ability to make informed choices at the point of purchase before purchasing the Products, they do not address restitutionary relief and money lost by that Plaintiff and the Class as a result of Defendant's deceptive packaging during the class period.

4

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1   purchasing Defendant's Products over its competitors' products. Defendant's slack-fill scheme

2   not only harmed thousands of consumers but also harmed their competitors who had implemented

3   labeling changes designed to alert consumers to the true amount of product in each box, long

4   before Defendant did. Accordingly, Tootsie has violated the California Consumers Legal

5   Remedies Act, civil Code § 1750, *et seq.*; California False Advertising Law, Business and

6   Professions Code § 17500, *et seq.*; California Unfair Competition Law, Business and Professions

7   Code § 17200, *et seq.*; was unjustly enriched, has committed common law fraud, and has

8   breached the implied warranty of merchantability.

9           4.      Plaintiff and the Class Members accordingly suffered injury in fact caused by the

10  false, fraudulent, unfair, deceptive, unlawful, and misleading practices set forth herein, and seek

11  restitution.

12          **COURTS AROUND THE COUNTRY FIND SLACK-FILL VIOLATIONS**

13          **MERITORIOUS AND APPROPRIATE FOR CLASS TREATMENT**

14          5.      Several state and federal courts have found that cases involving nearly identical

15  claims are meritorious and appropriate for class treatment. *See Iglesias v. Ferrara Candy Co.*,

16  Case No. 3:17-cv-00849-VC (N.D. Cal.) (defendant's FRCP 12(b)(6) motion to dismiss slack-

17  filled Jujyfruits® and Lemonhead® candy box claims denied and nationwide settlement class

18  certified); *Tsuchiyama v. Taste of Nature, Inc.*, Case No. BC651252 (L.A.S.C.) (defendant's

19  motion for judgment on the pleadings involving slack-filled Cookie Dough Bites® candy box

20  claims denied and nationwide settlement subsequently certified through Missouri court); *Gordon*

21  *v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal.) (defendant's

22  FRCP 12(b)(6) motion to dismiss slack-filled Junior Mints® and Sugar Babies® candy box claims

23  denied); *Escobar v. Just Born, Inc.*, Case No. 2:17-cv-01826-BRO-PJW (C.D. Cal.) (defendant's

24  FRCP 12(b)(6) motion to dismiss slack-filled Mike N' Ike® and Hot Tamales® candy box claims

25  denied and California class action certified); *Thomas v. Nestle USA, Inc.*, Cal. Sup. Case No.

26  BC649863 (April 29, 2020) (certifying as a class action slack-fill claims brought under California

27  consumer protection laws).

28

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

## JURISDICTION AND VENUE

6.      The Superior Court has original jurisdiction over this action pursuant to Article VI, Section 10 of the California Constitution.

7.      The Superior Court has jurisdiction over Defendant because: (i) each Defendant is authorized to and conducts business in and across the State of California and (ii) each Defendant otherwise has sufficient minimum contacts with and purposefully avails itself of the markets of the State of California, thus rendering the Superior Court's jurisdiction consistent with traditional notions of fair play and substantial justice.

8.      Venue is proper under Code of Civil Procedure section 393(a) because the Defendant named conducts business in the City and County of Alameda and thousands of the illegal acts described below occurred and continue to occur in the County of Alameda.

## PARTIES

9.      Plaintiff Elizabeth Maisel is an individual residing in California. Plaintiff purchased the Product in Alameda County within the last four (4) years of the filing of this Complaint. Specifically, Plaintiff purchased Junior Mints® and Sugar Babies® at Target in Berkeley, California in early 2018. In making her purchase, Plaintiff relied upon the opaque packaging, including the size of the box and product label, which were prepared and approved by Defendant and its agents and disseminated statewide and nationwide, as well as designed to encourage consumers like Plaintiff to purchase the Products. Plaintiff understood the size of the box and product label to indicate the amount of candy contained therein was commensurate with the size of the box, and she would not have purchased the Product, or would not have paid a price premium for the Product, had she known that the size of the box and product label were false and misleading.

10.     Tootsie Roll Industries, LLC is a corporation headquartered in Chicago, Illinois. Tootsie Roll maintains its principal place of business at 7401 South Cicero Ave., Chicago, IL, 60629-5885. Defendant, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Tootsie Roll is the owner,

6

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive packaging for the Products.

11.     The true names and capacities, whether individual, corporate, associate, or otherwise of certain manufacturers, distributors, and/or their alter egos sued herein as DOES 1 through 10 inclusive are presently unknown to Plaintiff, who therefore sues these individuals and/or entities by fictitious names. Plaintiff will seek leave of this Court to amend the Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and based thereon alleges that DOES 1 through 10 were authorized to do and did business in Alameda County. Plaintiff is further informed and believes and based thereon alleges that DOES 1 through 10 were and/or are, in some manner or way, responsible for and liable to Plaintiff for the events, happenings, and consequences hereinafter set forth below.

12.     Plaintiff is informed and believes, and based thereon alleges that at all times relevant herein each of these individuals and/or entities was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego, or other representative of each of the other Defendant and was acting in such capacity in doing the things herein complained of and alleged.

13.     In committing the wrongful acts alleged herein, Defendant planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendant participated in the making of such representations in that it did disseminate or cause to be disseminated said misrepresentations.

14.     Defendant, upon becoming involved with the manufacture, advertising, and sale of the Products, knew or should have known that its advertising of the Products' boxes, specifically by representing that they were full, were false, deceptive, and misleading. Defendant affirmatively misrepresented the amount of candy product contained in the Products' boxes in order to convince the public and the Products' consumers users to purchase the Products all to the financial damage and detriment of the Plaintiff and the consuming public.

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

15.     Defendant created a falsehood that its candy boxes contain an amount of candy commensurate with the size of the box, though they actually contain nonfunctional, unlawful slack-fill. As a result, Defendant's consistent and uniform advertising claims about the Products are false, misleading, and/or likely to deceive in violation of California and federal advertising laws.

16.     In committing the wrongful acts alleged herein, Defendant planned and participated in and furthered a common scheme by means of false, misleading, deceptive, and fraudulent representations to induce members of the public to purchase the Products. Defendant participated in the making of such representations in that each did disseminate or cause to be disseminated said misrepresentations.

17.     Defendant, upon becoming involved with the manufacture, distribution, advertising, labeling, marketing, and sale of the Product, knew or should have known that the claims about the Products and, in particular, the claims suggesting that Products' boxes were full with candy product when they are not, were false, misleading, and deceptive. Defendant affirmatively misrepresented the nature and characteristics of the Products in order to convince the public to purchase and consume the Products, resulting in profits to the detriment of the Plaintiff and consuming public. Thus, in addition to the wrongful conduct herein alleged as giving rise to primary liability, Defendant further aided and abetted and knowingly assisted each other in breach of their respective duties and obligations as herein alleged.

18.     Defendant created a falsehood that their candy boxes contain an amount of candy commensurate with the size of the box, though they actually contain nonfunctional, unlawful slack-fill. As a result, Defendant's consistent and uniform advertising claims about the Products are false, misleading, and/or likely to deceive in violation of California and federal advertising laws.

## FACTUAL ALLEGATIONS

19.     The amount of product inside any product packaging is material to any consumer seeking to purchase that product. The average consumer spends only 13 seconds deciding whether

to make an in-store purchase,[2] which decision is heavily dependent on a product's packaging, including the package dimensions. Research has demonstrated that packages that seem larger are more likely to be purchased.[3]

20. Accordingly, Defendant chose a certain size box for its Products to convey to consumers that they are receiving a certain and substantial amount of candy commensurate with the size of the box. Such representations constitute an express warranty regarding the Products' contents.

21. Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for illegitimate or unlawful reasons.

22. Defendant falsely represent the quantity of candy in each of the Products' opaque boxes through its packaging. The size of each box leads the reasonable consumer to believe he or she is purchasing a box full of candy product when, in reality, what he or she actually receives is about one-third to one-half less than what is represented by the size of the box. Plaintiffs' packaging expert will opine that the Products contain a high degree of nonfunctional slack-fill.

23. Even if Plaintiffs and other reasonable consumers of the Products had a reasonable opportunity to review, prior to the point of sale, other representations of quantity, such as net weight or serving disclosures, they did not and would not have reasonably understood or expected such representations to translate to a quantity of candy product meaningfully different from their expectation of a quantity of candy product commensurate with the size of the box.

24. Plaintiffs retained two economics experts. These experts conducted a randomized conjoint experiment, which confirmed that nearly 90% of candy consumers overestimate the amount of candy contained in the Products. This is true even for repeat purchasers of the Products.

---

[2] Randall Beard, *Make the Most of Your Brand's 20-Second Window*, NIELSEN, Jan. 13, 2015, https://www.nielsen.com/us/en/insights/article/2015/make-the-most-of-your-brands-20-second-windown./.
[3] P. Raghubir & A. Krishna, *Vital Dimensions in Volume Perception: Can the Eye Fool the Stomach?*, 36 J. MARKETING RESEARCH 313-326 (1999).

9

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1    This survey also shows that size of the Products' packaging has a significant impact on a

2    consumer's choice to purchase the Products.

3         25.    Plaintiff's packaging and economic experts will opine that the Products contained a

4    high degree of nonfunctional slack-fill. They will opine that the price premium for Juniors Mints

5    was 26.0% while the price premium for Sugar Babies was 21.5% for the retail sales channel. For

6    the movie theater sales channel, the price premia for Junior Mints and Sugar Babies was 16.4%

7    and 13.4%, respectively.

8         26.    Prior to the point of sale, the Products' packaging does not allow for a visual or

9    audial confirmation of the contents of the Products. The Products' opaque packaging prevents a

10   consumer from observing the contents before opening. Even if a reasonable consumer were to

11   "shake" the Products before opening the box, the reasonable consumer would not be able to

12   discern the presence of any nonfunctional slack fill, let alone the one-third to one-half

13   nonfunctional slack-fill that is present in the Products.

14        27.    The other information that Defendant provides about the quantity of candy product

15   on the front and back labels of the Products does not enable reasonable consumers to form any

16   meaningful understanding about how to gauge the quantity of contents of the Products as

17   compared to the size of the box itself. For instance, the front of the Products' packaging does not

18   have any labels that would provide Plaintiffs with any meaningful insight as to the amount of

19   candy to be expected, such as a fill line, actual size depiction accompanied by the words "actual

20   size," and a numerical piece.

21        28.    Disclosures of net weight and serving sizes in ounces or grams do not allow the

22   reasonable consumer to make any meaningful conclusions about the quantity of candy contained

23   in the Products' boxes that would be different from the reasonable consumer's expectation that the

24   quantity of candy product is commensurate with the size of the box. Plaintiffs' randomized

25   conjoint survey confirmed the net weight disclosures on the Products do not give consumers an

26   accurate expectation regarding product fill level.

27

28

10

CLASS ACTION COMPLAINT

29.     The net weight and serving size disclosures do not allow Plaintiffs to make – and Plaintiffs did not make – any meaningful conclusions about the quantity of candy product contained in the Products' boxes that were different than Plaintiffs' expectations that the quantity of candy product would be commensurate with the size of the box.

30.     Moreover, the top of the Products' boxes clearly indicate that they will open outward when unsealed. This specific design leads the reasonable consumer to believe that the package does not require any empty space to account for the opening of the box, such as with a perforated tab whose intended use might be to dispense the candy product. *See Figures 5-6.*

*Figure 5.*



*Figure 6.*

31.     Plaintiff would not have purchased the Products had she known that the Products contained slack-fill that serves no functional or lawful purpose.

32.     As pictured *supra*, Defendant uniformly underfills the Products' boxes, rendering about half of each box slack-fill, none of which serves a functional or lawful purpose.

11

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

33.     As confirmed during Plaintiff's investigation, including retention of experts in packaging design, the slack-fill contained in the Products' packaging does not protect the contents of the packages. In fact, the greater the amount of slack-fill, the more room the contents have to bounce around during shipping and handling, making it more likely that the contents will break or sustain damage. Plaintiff shall proffer expert testimony to establish these facts once this case reaches the merits.

34.     If, on the other hand, the amount of candy product contained in each box was commensurate with the size of the box, as reasonable consumers expect, then the candy product would have less room to move around during shipping and handling, and would be less likely to sustain damage.

35.     The Products are packaged in boxes and sealed with heated glue. A true and correct representation of the heated glue on the Products' packaging is shown in the image below.

*Figure 7.*



36.     As confirmed by Plaintiff's expert in packaging design, the equipment used to seal the box does not breach the inside of the Products' containers during the packaging process. The heated glue is applied to an exterior flap of the box, which is then sealed over the top by a second exterior flap.

37.     As confirmed during Plaintiff's survey of comparator boxed candy products available in the marketplace, neither the heated glue application nor the sealing equipment requires slack-fill during the manufacturing process. Even if there were no slack-fill present in the Products' boxes,

12

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

the machines used for enclosing the contents in the package would work without disturbing the packaging process.

38.     As confirmed by Plaintiff's expert in packaging design, the slack-fill present in the Products' containers is not a result of the candy product settling during shipping and handling. Given the Products' density, shape, and composition, any settling occurs immediately at the point of filling the box. No additional product settling occurs during subsequent shipping and handling.

39.     The contents of the Products are of a great enough density that any slack-fill present at the point of sale was present at the time of filling the containers and packaging the contents.

40.     As confirmed by Plaintiff's expert in packaging design, the Products' packaging is not reusable or of any significant value to the Products independent of its function to hold the candy product. The Products' containers are boxes intended to be discarded immediately after the candy is eaten.

41.     As confirmed by Plaintiff's expert in packaging design, the slack-fill present in the Products' containers does not accommodate required labeling, discourage pilfering, facilitate handling, or prevent tampering.

42.     Defendant can easily increase the quantity of candy product contained in each box (or, alternatively, decrease the size of the containers) by 33-50% more volume.

43.     The "Nutrition Facts" panel on the back of each box states servings of 2.5 and 4.5 servings per container for Junior Mints® and Sugar Babies®, respectively. By arithmetic, each serving would be equal to 100% expected total fill, divided by 2.5 servings for Junior Mints® and divided by 4.5 servings for Sugar Babies®, yielding a value of 40% of volume per serving for Junior Mints® and 22.2% of volume per serving for Sugar Babies®. Given the Products can accommodate an additional 45% of candy product, consumers are being shortchanged roughly 1.5 and 2.5 servings per box. True and accurate representations of the Products' net weight and serving size disclosures are set forth below.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

*Figure 8.*






44.    Contrast Defendant's packaging of the Products with a comparator product, such as "Junior Mints XL" ("XL") (pictured below), another candy product manufactured by Defendant itself and similarly sold at retail outlets and movie theaters throughout California. A true and correct representation of the front of XL is shown below.

*Figure 9.*



45.    XL is sold in identical packaging to that of the Products, i.e., opaque boxes of identical size, physical dimensions, shape, and material.

46.    XL is packaged using identical fill and heated glue enclosing machines to those of the Products.

14

CLASS ACTION COMPLAINT

47. XL contains identical candy—identical size, shape, and density—as that of the Products.

48. However, contrary to the Products, XL contains more candy product. The Products' packaging contains 40 pieces of candy, yielding 45% nonfunctional slack-fill. In contrast, XL, which has the exact same packaging, contains 47 pieces of candy, yielding 33% nonfunctional slack-fill. In other words, the two products within the line of Products at issue have the exact same packaging and candy product, and the only difference is the amount of candy product contained therein.

49. The Products both have serving sizes of 16 pieces of the same candy. Yet, XL contains a greater number of total servings. A true and correct presentation of the nutritional panel of XL, which reports its serving size and total servings per container, is set forth below.

*Figure 10.*



50. The packaging of XL evidences that Defendant is clearly capable of increasing the amount of candy product contained in "regular" Junior Mints®, as demonstrated by the packaging and sale of the "XL" version.

51. XL's packaging evidences that the slack-fill present in the Products is nonfunctional.

52. XL's packaging evidences that the slack-fill present in the Products, and at a minimum in the "regular" version of the Products, is not necessary to protect and in fact does not protect the contents of the Products.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

53. XL's packaging evidences that the slack-fill present in the Products, and at a minimum in the "regular" version of the Products, is not a requirement of the machines used for enclosing the contents of the Products.

54. XL's packaging evidences that the slack-fill present in the Products, and at a minimum in the "regular" version of the Products, is not a result of unavoidable product settling during shipping and handling

55. XL's packaging evidences that the slack-fill present in the Products, and at a minimum in the "regular" version of the Products, is not needed to perform a specific function.

56. XL's packaging evidences that the slack-fill present in the Products, and at a minimum in the "regular" version of the Products, is not part of a legitimate reusable container.

57. In short, by including more candy product in the exact same box, and then reporting a higher number of total servings, Defendant itself admits that the Products contain nonfunctional slack-fill.

58. XL's packaging evidences that the slack-fill present in the Products, and at a minimum in the "regular" version of the Products, is able to further increase the level of fill in the Products. XL's packaging evidences that Defendant has reasonable alternative designs available to package its Products.

59. Further contrast Defendant's packaging of the Products with a comparator product such as "Boston Baked Beans" ("Boston Beans"), a candy product manufactured by Ferrara Candy Company, and similarly sold at movie theaters and retail outlets located throughout New Jersey and the United States. A true and correct representation of the front of the Boston Beans product is shown in the image below.

///

///

///

///

///

16

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

*Figure 11.*



60.     Boston Beans are sold in identical packaging to that of the Products, i.e., opaque boxes of identical size, shape, volume, and material. Boston Beans are packaged using nearly identical fill and heated glue enclosing machines to those of the Products.

61.     Boston Beans are coated candies of nearly identical size, shape, and density of that of the Products. However, contrary to the Products, Boston Beans have very little slack-fill and negligible nonfunctional slack-fill. A true and correct representation of the open container of Boston Beans is pictured in the image below.

*Figure 12.*



62.     Boston Beans' packaging provides additional evidence that the slack-fill present in the Products' packaging is nonfunctional to the tune of 33-50%.

17

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

63.   Boston Beans' packaging provides additional evidence that the slack-fill in the Products is not necessary to protect and, in fact, does not protect, the contents of the Products; is not a requirement of the machines used for enclosing the contents of the Products; is not a result of unavoidable product settling during shipping and handling; is not needed to perform a specific function; and is not part of a legitimate reusable container.

64.   Boston Beans' packaging provides additional evidence that Defendant is able to increase the level of fill inside the Products' boxes.

65.   Boston Beans' packaging provides more evidence that Defendant has reasonable alternative designs available to it in its packaging of the Products.

66.   Plaintiff did not expect that the Products would contain nonfunctional slack-fill, especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by federal law as well as California law.

67.   The Products are made, formed, and filled so as to be misleading. The Products are, therefore, misbranded.

68.   The slack-fill contained in the Products does not serve a legitimate or lawful purpose.

69.   Defendant's false, deceptive, and misleading label statements are unlawful under state and federal consumer protection and packaging laws.

70.   Defendant intended for Plaintiff and the Class Members to be misled.

71.   Defendant's misleading and deceptive practices proximately caused harm to Plaintiff and the Class.

72.   Further contrast Defendant's packaging of the Products with a comparator product of one of Defendant's competitors, such as "Boston Baked Beans" ("Boston Beans"), a candy product manufactured by Ferrara Candy Company, and similarly sold at movie theaters and retail outlets located throughout California and the United States. A true and correct representation of the front of the Boston Beans product is shown in the image below.

///

///

18

CLASS ACTION COMPLAINT

*Figure 13.*



73.    Boston Beans are sold in identical packaging to that of the Products, i.e., opaque boxes of identical size, shape, volume, and material. Boston Beans are packaged using nearly identical fill and heated glue enclosing machines to those of the Products.

74.    Boston Beans are coated candies of nearly identical size, shape, and density of that of the Products. However, contrary to the Products, Boston Beans have very little slack-fill and negligible nonfunctional slack-fill. A true and correct representation of the open container of Boston Beans is pictured in the image below.

*Figure 14.*



75.    Boston Beans' packaging provides additional evidence that the slack-fill present in the Products' packaging is nonfunctional to the tune of 45%.

76.    Boston Beans' packaging provides additional evidence that the slack-fill in the Products is not necessary to protect and, in fact, does not protect, the contents of the Products; is

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1  not a requirement of the machines used for enclosing the contents of the Products; is not a result of

2  unavoidable product settling during shipping and handling; is not needed to perform a specific

3  function; and is not part of a legitimate reusable container.

4      77.    Boston Beans' packaging provides additional evidence that Defendant is able to

5  increase the level of fill inside the Products' boxes.

6      78.    Boston Beans' packaging provides more evidence that Defendant has reasonable

7  alternative designs available to it in its packaging of the Products.

8      79.    Plaintiff did not expect that the Products would contain nonfunctional slack-fill,

9  especially given that nonfunctional slack-fill, as opposed to functional slack-fill, is prohibited by

10  federal law as well as California law.

11      80.    The Products are made, formed, and filled so as to be misleading. The Products are,

12  therefore, misbranded.

13      81.    The slack-fill contained in the Products does not serve a legitimate or lawful

14  purpose.

15      82.    Defendant's false, deceptive, and misleading label statements are unlawful under

16  state and federal consumer protection and packaging laws.

17      83.    Defendant intended for Plaintiff and the Class members to be misled.

18      84.    Defendant's misleading and deceptive practices proximately caused harm to

19  Plaintiff and the Class.

20  **CLASS ACTION ALLEGATIONS**

21      85.    Plaintiff brings this action on her own behalf and on behalf of all other persons

22  similarly situated.  The Class which Plaintiff seeks to represent comprises:

23          "All persons who purchased the Products in California, for personal

24          consumption and not for resale during the time period May 29, 2016

25          to May 2, 2018."

26  Said definition may be further defined or amended by additional pleadings, evidentiary hearings,

27  a class certification hearing, and orders of this Court.

28

20

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

86.     The Class is comprised of thousands of consumers throughout the State of California. The Class is so numerous that joinder of all members is impracticable and the disposition of their claims in a class action will benefit the parties and the Court.

87.     There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented in that the Class was exposed to the same common and uniform false and misleading advertising and omissions. The questions of law and fact common to the Class predominate over questions which may affect individual Class members.  Common questions of law and fact include, but are not limited to, the following:

a.  Whether Defendant's conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code Section 1750, *et seq.*;

b.  Whether Defendant misrepresented the approval of the FDA, United States Congress, and California Legislature that the Products' packaging complied with federal and California slack-fill regulations and statutes in violation of Civil Code Section 1750, *et seq.*;

c.  Whether Defendant used deceptive representations in connection with the sale of the Products in violation of Civil Code Section 1750, *et seq.*;

d.  Whether Defendant represented the Products have characteristics or quantities that they do not have in violation of Civil Code Section 1750, *et seq.*;

e.  Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code Section 1750, *et seq.*;

f.  Whether Defendant represented that the Products have been supplied in accordance with a previous representation of quantity of candy product contained therein by way of their packaging when they have not, in violation of Civil Code Section 1750, *et seq.*;

g.  Whether Defendant's packaging is untrue or misleading in violation of Business and Professions Code Section 17500, *et seq.*;

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

h. Whether Defendant knew or by the exercise of reasonable care should have known its packaging was and is untrue or misleading in violation of Business and Professions Code Section 17500, *et seq.*;

i. Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

j. Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

k. Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code Section 17200, *et seq.*;

l. Whether Defendant's packaging is false or misleading and therefore misbranded in violation of California Health and Safety Code sections 110660, 110665, or 110670;

m. Whether the Products contain nonfunctional slack-fill in violation of 21 C.F.R. Section 100.100, *et seq.*;

n. Whether the Products contain nonfunctional slack-fill in violation of California Business and Professions Code Section 12606.2, *et seq.*;

o. Whether Plaintiff and the Class paid more money for the Products than they actually received; and

p. How much money Plaintiff and the Class paid for the Products than they actually received.

q. Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class members;

r. Whether Defendant committed common law fraud; and

s. Whether Defendant breached an implied warranty to Plaintiff and Class members.

88.   Plaintiff's claims are typical of the claims of the proposed Class, as the representations and omissions made by Defendant are uniform and consistent and are contained in advertisements and on packaging that was seen and relied on by Plaintiff and members of the Class.

22

CLASS ACTION COMPLAINT



CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

89.   Plaintiff will fairly and adequately represent and protect the interests of the proposed Class. Plaintiff has retained competent and experienced counsel in class action and other complex litigation.

90.   Plaintiff and the Class have suffered injury in fact and lost money as a result of Defendant's false, deceptive, and misleading representations.

91.   Plaintiff would not have purchased the Products but for the representations by Defendant about the amount of candy product contained in the Products' packages.

92.   The Class is identifiable and readily ascertainable. Notice can be provided to such purchasers using techniques and a form of notice similar to those customarily used in class actions, and by Internet publication, radio, newspapers, and magazines.

93.   A class action is superior to other available methods for fair and efficient adjudication of this controversy. The expense and burden of individual litigation would make it impracticable or impossible for proposed members of the Class to prosecute their claims individually.

94.   The trial and the litigation of Plaintiff's claims are manageable.

95.   Defendant has acted on grounds generally applicable to the entire Class, thereby making final declaratory relief appropriate with respect to the Class as a whole. The prosecution of separate actions by individual Class members would create the risk of inconsistent or varying adjudications with respect to individual member of the Class that would establish incompatible standards of conduct for Defendant.

96.   Absent a class action, Defendant will likely retain the benefits of its wrongdoing. Because of the small size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein. Absent a representative action, the Class members will continue to suffer losses and Defendant will be allowed to continue these violations of law and to retain the proceeds of its ill-gotten gains.

///

///

CLASS ACTION COMPLAINT

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

### FIRST CAUSE OF ACTION:

### VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW

### BUSINESS & PROFESSIONS CODE § 17200, *et seq.*

**(By Plaintiff against Defendant)**

97. Plaintiff repeats and realleges all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

98. Plaintiff brings this cause of action pursuant to Business and Professions Code Section 17200, *et seq.*, on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period May 29, 2016 through May 2, 2018. Excluded from the Class are Defendant's officers, directors, and employees, and any individual who received remuneration from Defendant in connection with that individual's use or endorsement of the Product."

99. Congress passed the Federal Food, Drug, and Cosmetic Act ("FDCA"), and in so doing established the Federal Food and Drug Administration ("FDA") to "promote the public health" by ensuring that "foods are safe, wholesome, sanitary, and properly labeled." 21 U.S.C. § 393.

100. The FDA has implemented regulations to achieve this objective. *See, e.g.*, 21 C.F.R. § 101.1 *et seq.*

101. The FDA enforces the FDCA and accompanying regulations; "[t]here is no private right of action under the FDCA." *Ivie v. Kraft Foods Global, Inc.*, 2013 U.S. Dist. LEXIS 25615, 2013 WL 685372, at *1 (internal citations omitted).

102. In 1990, Congress passed an amendment to the FDCA, the Nutrition Labeling and Education Act ("NLEA"), which imposed a number of requirements specifically governing food nutritional content labeling. *See, e.g.*, *21 U.S.C. § 343 et. seq.*

103. Plaintiff is not suing under the FDCA, but under California state law.

104. The California Sherman Food, Drug, and Cosmetic Act ("Sherman Law"), Cal.

24

CLASS ACTION COMPLAINT



CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1  Health & Safety Code § 109875 *et seq*., has adopted wholesale the food labeling requirements of

2  the FDCA and NLEA as the food regulations of California. Cal. Health & Safety Code § 110100.

3      105.    The Sherman Law declares any food to be misbranded if it is false or misleading in

4  any particular, if the labeling does not conform to the requirements for nutrition labeling set forth

5  in certain provisions of the NLEA. Cal. Health & Safety Code §§ 110660, 110665, 110670.

6      106.    According to California Business and Professions Code Section 12606.2:

7      (a) This section applies to food containers subject to Section 403(d) of the Federal Food,
       Drug, and Cosmetic Act (21 U.S.C. Sec. 343(d)), and Section 100.100 of Title 21 of the
8      Code of Federal Regulations. Section 12606 does not apply to food containers subject to this
       section.
9
       (b) No food containers shall be made, formed, or filled as to be misleading.
10
       (c) A container that does not allow the consumer to fully view its contents shall be
11     considered to be filled as to be misleading if it contains nonfunctional slack fill. Slack fill is
       the difference between the actual capacity of a container and the volume of product
12     contained therein. Nonfunctional slack fill is the empty space in a package that is filled to
       substantially less than its capacity for reasons other than any one or more of the following:
13
       (1) Protection of the contents of the package.
14
       (2) The requirements of the machines used for enclosing the contents in the package.
15
       (3) Unavoidable product settling during shipping and handling.
16
       (4) The need for the package to perform a specific function, such as where packaging plays a
17     role in the preparation or consumption of a food, if that function is inherent to the nature of
       the food and is clearly communicated to consumers.
18
       (5) The fact that the product consists of a food packaged in a reusable container where the
19     container is part of the presentation of the food and has value that is both significant in
       proportion to the value of the product and independent of its function to hold the food, such
20     as a gift product consisting of a food or foods combined with a container that is intended for
       further use after the food is consumed or durable commemorative or promotional packages.
21
       (6) Inability to increase the level of fill or to further reduce the size of the package, such as
22     where some minimum package size is necessary to accommodate required food labeling
       exclusive of any vignettes or other nonmandatory designs or label information, discourage
23     pilfering, facilitate handling, or accommodate tamper-resistant devices.

24     (d) Slack fill in a package shall not be used as grounds to allege a violation of this section
       based solely on its presence unless it is nonfunctional slack fill.
25
       (e) This section shall be interpreted consistent with the comments by the United States Food
26     and Drug Administration on the regulations contained in Section 100.100 of Title 21 of the
       Code of Federal Regulations, interpreting Section 403(d) of the Federal Food, Drug, and
27     Cosmetic Act (21 U.S.C. Sec. 343(d)), as those comments are reported on pages 64123 to
       64137, inclusive, of Volume 58 of the Federal Register.
28
                                              25

(f) If the requirements of this section do not impose the same requirements as are imposed by Section 403(d) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. Sec. 343(d)), or any regulation promulgated pursuant thereto, then this section is not operative to the extent that it is not identical to the federal requirements, and for this purpose those federal requirements are incorporated into this section and shall apply as if they were set forth in this section.

(g) Any sealer may seize any container that is in violation of this section and the contents of the container. By order of the superior court of the county within which a violation of this section occurs, the containers seized shall be condemned and destroyed or released upon any conditions that the court may impose to ensure against their use in violation of this chapter. The contents of any condemned container shall be returned to the owner thereof if the owner furnishes proper facilities for the return. A proceeding under this section is a limited civil case if the value of the property in controversy is less than or equal to the maximum amount in controversy for a limited civil case under Section 85 of the Code of Civil Procedure.

107. The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

## A. "Unfair" Prong

108. Under California's False Advertising Law, Cal. Bus. & Prof. Code Section 17200, *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

109. Defendant's action of leaving 45% nonfunctional slack-fill in its Products does not confer any benefit to consumers.

110. Defendant's action of leaving 45% nonfunctional slack-fill in its Products causes injuries to consumers, who do not receive a quantity of candy commensurate with their reasonable expectations.

111. Defendant's action of leaving 45% nonfunctional slack-fill in its Products causes injuries to consumers, who do not receive a level of hunger satiety commensurate with their reasonable expectations.

112. Defendant's action of leaving 45% nonfunctional slack-fill in its Products causes injuries to consumers, who end up overpaying for the Products and receiving a quantity of candy less than what they expected to receive.

113. Consumers cannot avoid any of the injuries caused by the 45% nonfunctional slack-fill in Defendant's Products.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

26



114. Accordingly, the injuries caused by Defendant's activity of including 45% nonfunctional slack-fill in the Products outweigh any benefits.

115. Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. They "weigh the utility of the defendant's conduct against the gravity of the harm to the alleged victim." *Davis v. HSBC Bank Nevada, N.A.,* 691 F.3d 1152, 1169 (9th Cir. 2012).

116. Here, Defendant's conduct of including 45% nonfunctional slack-fill in the Products' packaging has no utility and financially harms purchasers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of its harm.

117. Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.,* 504 F. 3d 718, 735 (9th Cir. 2007).

118. The California legislature maintains a declared policy of prohibiting nonfunctional slack-fill in consumer goods, as reflected in California Health and Safety Code Section 110100.

119. The 45% of nonfunctional slack-fill contained in the Products is tethered to a legislative policy declared in California according to Cal. Health & Safety Code Section 110100.

120. Defendant's packaging of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

121. Defendant knew or should have known of its unfair conduct.

122. As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business and Professions Code Section 17200.

123. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have used packaging appropriate for the amount of candy product contained within the Products or increased the amount of candy product contained therein.

124. All of the conduct alleged herein occurs and continues to occur in Defendant's

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069



1   business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct

2   repeated on thousands of occasions daily.

3      125.   Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class

4   seek an order of this Court awarding Plaintiff restitution of the money wrongfully acquired by

5   Defendant by means of responsibility attached to Defendant's failure to disclose the existence and

6   significance of said misrepresentations in an amount to be determined at trial.

7      126.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of

8   Defendant's unfair conduct. Plaintiff paid an unwarranted premium for these products. Plaintiff

9   paid for 45% of candy product she never received. Specifically, the price premium for Junior

10  Mints was 26.0% while the price premium for Sugar Babies was 21.5% for the retail sales

11  channel. For the move theater sales channel, the price premia for Junior Mints and Sugar Babies

12  was 16.4% and 13.4%, respectively. Plaintiff would not have purchased the Products if she had

13  known that the Products' packaging contained nonfunctional slack-fill.

### B.   "Fraudulent" Prong

15     127.   California Business and Professions Code Section 17200, *et seq.,* considers conduct

16  fraudulent and therefore prohibits said conduct if it is likely to deceive members of the public.

17  *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

18     128.   Members of the public base their purchasing decisions on the dimensions of a

19  product's packaging. They generally do not view label information or net weight and serving

20  disclosures. Members of the public choose a larger box because they automatically assume it has

21  better value.

22     129.   Defendant's conduct of packaging the Products with 45% nonfunctional slack-fill is

23  likely to deceive members of the public.

24     130.   Defendant's packaging of the Product, as alleged in the preceding paragraphs, is

25  false, deceptive, misleading, and unreasonable, and constitutes fraudulent conduct.

26     131.   Defendant knew or should have known of its fraudulent conduct.

27     132.   As alleged in the preceding paragraphs, the misrepresentations by Defendant

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1  detailed above constitute a fraudulent business practice in violation of California Business &

2  Professions Code Section 17200.

3       133.   There were reasonably available alternatives to further Defendant's legitimate

4  business interests other than the conduct described herein. Defendant could have used packaging

5  appropriate for the amount of Product contained therein.

6       134.   All of the conduct alleged herein occurs and continues to occur in Defendant's

7  business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct

8  repeated on thousands of occasions daily.

9       135.   Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class

10  seek an order of this Court awarding Plaintiff restitution of the money wrongfully acquired by

11  Defendant by means of responsibility attached to Defendant's failure to disclose the existence and

12  significance of said misrepresentations in an amount to be determined at trial.

13       136.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of

14  Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for these products.

15  Specifically, Plaintiff paid for 45% of candy product she never received. Plaintiff would not have

16  purchased the Products if she had known that the Products' boxes contained nonfunctional slack-

17  fill.

18              **C.     "Unlawful" Prong**

19       137.   California Business and Professions Code Section 17200, *et seq.,* identifies

20  violations of other laws as "unlawful practices that the unfair competition law makes

21  independently actionable." *Velazquez v. GMAC Mortg. Corp.,* 605 F. Supp. 2d 1049, 1068 (C.D.

22  Cal. 2008).

23       138.   Defendant's packaging of the Products, as alleged in the preceding paragraphs,

24  violates California Civil Code Section 1750, *et. seq.,* California Business and Professions Code

25  Section 17500, *et. seq.,* California's Sherman Law, the FDCA, 21 C.F.R §100.100, and California

26  Business and Professions Code Section 12602.2.

27       139.   Defendant's packaging of the Products, as alleged in the preceding paragraphs, is

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1   false, deceptive, misleading, and unreasonable, and constitutes unlawful conduct.

2       140.   Defendant's packaging is *per se* misleading.

3       141.   Defendant knew or should have known of its unlawful conduct.

4       142.   As alleged in the preceding paragraphs, the misrepresentations by Defendant

5   detailed above constitute an unlawful business practice within the meaning of California Business

6   and Professions Code Section 17200.

7       143.   There were reasonably available alternatives to further Defendant's legitimate

8   business interests, other than the conduct described herein. Defendant could have used packaging

9   appropriate for the amount of candy product contained therein or increased the amount of candy

10   product in each package.

11       144.   All of the conduct alleged herein occurred and continues to occur in Defendant's

12   business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct

13   repeated on thousands of occasions daily.

14       145.   Pursuant to Business and Professions Code Sections 17203, Plaintiff and the Class

15   seek an order of this Court awarding Plaintiff restitution of the money wrongfully acquired by

16   Defendant by means of responsibility attached to Defendant's failure to disclose the existence and

17   significance of said misrepresentations in an amount to be determined at trial.

18       146.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of

19   Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for these products.

20   Specifically, Plaintiff paid for 45% candy product she never received. Plaintiff would not have

21   purchased the Products if she had known that the Products' boxes contained nonfunctional slack-

22   fill.

23   ///

24   ///

25   ///

26   ///

27   ///

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

### SECOND CAUSE OF ACTION:

### FALSE AND MISLEADING ADVERTISING IN VIOLATION OF BUSINESS &

### PROFESSIONS CODE § 17500, *et seq.*

**(By Plaintiff against Defendant)**

147. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs, and incorporates the same as if set forth herein at length.

148. This cause of action is brought pursuant to Business and Professions Code Section 17500, *et seq.*, on behalf of Plaintiff and the Class consisting of all persons residing in the State of California who purchased the Product for personal consumption and not for resale during the time period of May 29, 2016 through May 2, 2018.

149. California's False Advertising Law, California Business and Professions Code Section 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

150. Defendant knowingly manipulated the physical dimensions of the Products' boxes, or stated another way, under-filled the amount of candy product in each of the Products' boxes, by including 45% nonfunctional slack-fill as a means to mislead the public about the amount of candy product contained in each package.

151. Defendant controlled the packaging of the Products. It knew or should have known, through the exercise of reasonable care, that its representations about the quantity of candy product contained in the Products were untrue and misleading.

152. The general public bases its purchasing decisions on the dimensions of a product's packaging. Consumers generally do not look at any label information, such as net weight or

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

serving disclosures. Instead, the general public chooses a larger box because it leads them to believe they are receiving a better value.

153.    Defendant's conduct of underfilling the Products' boxes by 45% instead of including more candy product in the boxes or packaging the candy product in smaller boxes is likely deceive the general public.

154.    Defendant's actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

155.    Pursuant to Business and Professions Code Sections 17535, Plaintiff and the Class seek an order of this Court awarding Plaintiff and the Class restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

156.    Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's false representations. Plaintiff purchased the Products in reliance upon the claims by Defendant that the Products were of the quantity represented by Defendant's packaging and advertising. Plaintiff would not have purchased the Products if she had known that the claims and advertising as described herein were false.

## THIRD CAUSE OF ACTION:

## VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT,

## CALIFORNIA CIVIL CODE § 1750, *et seq.*

## (By Plaintiff against Defendant)

157.    Plaintiff repeats and realleges all allegations of the previous paragraphs, and incorporates the same as if set forth herein at length.

158.    Plaintiff brings this cause of action pursuant to Civil Code Section 1750, *et seq.*, the Consumers Legal Remedies Act ("CLRA"), on her own behalf and on behalf of all other persons similarly situated. Plaintiff seeks to represent a Class consisting of "All persons who purchased the Products in the State of California for personal use and not for resale during the time period May 29, 2016, through May 2, 2018. Excluded from the Class are Defendants' officers, directors,

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

1    and employees, and any individual who received remuneration from Defendants in connection

2    with that individual's use or endorsement of the Product."

3         159.   The Class consists of thousands of persons, the joinder of whom is impracticable.

4         160.   There are questions of law and fact common to the Class, which questions are

5    substantially similar and predominate over questions affecting the individual Class members,

6    including but not limited to those questions listed hereinabove.

7         161.   The CLRA prohibits certain "unfair methods of competition and unfair or deceptive

8    acts or practices" in connection with a sale of goods.

9         162.   The practices described herein, specifically Defendant's packaging, advertising, and

10   sale of the Products, were intended to result in the sale of the Products to the consuming public

11   and violated and continue to violate the CLRA by (1) misrepresenting the approval of the Products

12   as compliant with 21 C.F.R Section 100.100, California Business and Professions Code Section

13   12606.2, and the Sherman Law; (2) using deceptive representations in connection with the

14   Products; (3) representing the Products have characteristics and quantities that they do not have;

15   (4) advertising and packaging the Products with intent not to sell them as advertised and

16   packaged; and (5) representing that the Products have been supplied in accordance with a previous

17   representation as to the quantity of candy product contained within each box, when it has not.

18        163.   Defendant fraudulently deceived Plaintiff and the Class by representing that the

19   Products' packaging, which includes 45% nonfunctional slack-fill, actually conforms with federal

20   and California slack-fill regulations and statutes including the 21 C.F.R. Section 100.100,

21   California Business and Professions Code Section 12606.2, and the Sherman Law.

22        164.   Defendant packaged the Products in boxes that contain 45% nonfunctional slack-fill

23   by making material misrepresentations to fraudulently deceive Plaintiff and the Class.

24        165.   Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the

25   Products as having characteristics and quantities which they do not have, e.g., that the Products

26   are free of nonfunctional slack-fill when they are not. In doing so, Defendant intentionally

27   misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations

28

33

CLASS ACTION COMPLAINT

1  and concealment were done with the intention of deceiving Plaintiff and the Class and depriving

2  them of their legal rights and money.

3      166.   Defendant fraudulently deceived Plaintiff and the Class by packaging and

4  advertising the Products with intent not to sell them as advertised, by intentionally under-filling

5  the Products' containers and instead replacing candy product with nonfunctional slack-fill. In

6  doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and

7  the Class. Said misrepresentations and concealment were done with the intention of deceiving

8  Plaintiff and the Class and depriving them of their legal rights and money.

9      167.   Defendant fraudulently deceived Plaintiff and the Class by representing that the

10  Products were supplied in accordance with an accurate representation as to the quantity of candy

11  product contained therein when they were not. Defendant presented the physical dimensions of the

12  Products' packaging to Plaintiff and the Class before the point of purchase and gave Plaintiff and

13  the Class a reasonable expectation that the quantity of candy product contained therein was

14  commensurate with the size of packaging. In doing so, Defendant intentionally misrepresented and

15  concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment

16  were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal

17  rights and money.

18      168.   Defendant knew or should have known, through the exercise of reasonable care, that

19  the Products' packaging was misleading.

20      169.   Defendant's actions as described herein were done with conscious disregard of

21  Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

22      170.   Defendant's Product packaging was a material factor in Plaintiff's and the Class's

23  decision to purchase the Products. Based on Defendant's Products' packaging, Plaintiff and the

24  Class reasonably believed that they were getting more candy product than they actually received.

25  Had they known the truth of the matter, Plaintiff and the Class would not have purchased the

26  Products.

27      171.   Plaintiff and the Class have suffered injury in fact and have lost money as a result of

28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

CLASS ACTION COMPLAINT

1  Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff paid for candy

2  product she never received. Plaintiff would not have purchased the Products had she known the

3  boxes contained nonfunctional slack-fill.

4      172.  In addition, Defendant should be compelled to provide restitution damages to

5  consumers who paid for candy products they never received due to Defendant's representation

6  that it contained a commensurate amount of candy product for a box of its size.

7      173.  Plaintiff shall suffer irreparable harm if such an order is not granted.

8      174.  By letters dated September 6, 2016 and September 15, 2016, Defendant was

9  advised of its false and misleading claims pursuant to California Civil Code Section 1782(a).

10  Plaintiff Maisel has served concurrently with the filing of this complaint a supplemental statutory

11  notice letter.

**FOURTH CAUSE OF ACTION:**

**UNJUST ENRICHMENT**

**(By Plaintiff against Defendant)**

15      175.  Plaintiff repeats and realleges the allegations set forth above and incorporates the

16  same as if set forth herein at length.

17      176.  As a result of Defendants' wrongful and deceptive conduct, Plaintiff and the Class

18  have suffered a detriment while Defendant has received a benefit.

19      177.  In purchasing the Products, Plaintiff and the Class conferred a benefit upon

20  Defendant by paying a premium price for the purchase of each Product. Plaintiff and the Class

21  paid for the Products with the expectation that they would receive packages that were full of candy

22  product, as indicated by the labeling, advertising, and marketing of the Products.

23      178.  Defendant has been unjustly enriched in retaining the revenues derived from

24  Plaintiff's and the Class' purchases, which retention under these circumstances is unjust and

25  inequitable.

26      179.  Defendant should not be allowed to retain the profits generated and profits realized

27  from the sale of the Products that were unlawfully marketed, labeled, and promoted.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

35

CLASS ACTION COMPLAINT

180.   Allowing Defendant to retain these unjust profits is inequitable and would offend traditional notions of justice and fair play and induce companies to misrepresent key characteristics of their products in order to increase sales

181.   Because Defendant's retention of the non-gratuitous benefit conferred on it by Plaintiff and the Class is unjust and inequitable, Defendant must pay restitution to Plaintiff and the Class members for its unjust enrichment.

## FIFTH CAUSE OF ACTION:

## COMMON LAW FRAUD

### (By Plaintiff against Defendant)

182.   Plaintiff repeats and realleges all of the allegations contained in the preceding paragraphs and incorporates the same as if set forth herein at length.

183.   Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

184.   Defendant has willfully, falsely, and knowingly filled and packaged the Products in a manner indicating that the Products are filled with an amount of candy product commensurate with the size of the container.  However, the Products contain only approximately 55% candy product and instead contain a substantial amount of nonfunctional and unlawful slack-fill. Defendant has misrepresented the quantity of candy product contained in the Products.

185.   Defendant's misrepresentations are and were material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making his or her purchase decision), because they relate to the quantity of candy product contained in the Products.

186.   Defendant knew of, or showed reckless disregard for, the fact that the Products contained a substantial amount of nonfunctional slack-fill.

187.   Defendant intended for Plaintiff and the Class to rely on these representations, as evidenced by Defendant's intentional manufacturing of packaging that is substantially larger than necessary to hold the volume of the contents contained therein.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

36

188.  Plaintiff and the Class have reasonably and detrimentally relied on Defendant's misrepresentations when purchasing the Products and, had they known the truth, they would not have purchased the Products or would have paid significantly less for the Products.

189.  Therefore, as a direct and proximate result of Defendant's fraud, Plaintiff and members of the Class have suffered injury in fact.

**SIXTH CAUSE OF ACTION:**

**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

**(By Plaintiff against Defendant)**

190.  Plaintiff repeats and realleges the allegations set forth above and incorporate the same as if set forth herein at length.

191.  Plaintiff brings this cause of action individually and on behalf of the members of the Class against Defendant.

192.  Defendant, as the designer, manufacturer, marketer, distributor, and seller of the Products, impliedly warranted that the Products contained an adequate amount of candy product for containers of their size.

193.  Defendant breached the warranty implied in the contract for sale of the Products because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the foods were unfit for their intended and ordinary purpose because the Products' packages do not contain an adequate amount of candy for containers of their size. As a result, Plaintiff and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

194.  Plaintiff and Class members purchased the Products in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

195.  The Products were defectively designed and unfit for their intended purpose, and Plaintiff and the Class did not receive the goods as warranted.

196.  As a direct and proximate cause of Defendant's breach of the implied warranty, Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's



CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069



1  false representations. Plaintiff purchased the Products in reliance upon the claims by Defendant

2  that the Products were of the quality and quantity represented by Defendant's packaging. Plaintiff

3  would not have purchased the Products, or would have paid significantly less for the Products, if

4  they had known that the Products' claims and advertising as described herein were false.

5                                    **PRAYER FOR RELIEF**

6          WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays

7  for the following relief:

8              A. An order granting Plaintiff and the Class restitution and

9              B. Reasonable attorneys' fees and costs.

10                                   **JURY TRIAL DEMANDED**

11      Plaintiff demands a jury trial on all triable issues.

12  DATED: May 29, 2020                          **CLARKSON LAW FIRM, P.C.**

13

14

15                                               Ryan J. Clarkson, Esq.
                                                 Matthew T. Theriault, Esq.
16                                               Bahar Sodaify, Esq.
                                                 Zach Chrzan, Esq.

17                                               *Attorneys for Plaintiff*

18

19

20

21

22

23

24

25

26

27

28

                                              38
                                    CLASS ACTION COMPLAINT

# EXHIBIT B

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 9 2020

CLERK OF THE SUPERIOR COURT
1: _____

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  TOOTSIE ROLL INDUSTRIES, LLC and DOES 1 through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
  ELIZABETH MAISEL, individually and on behalf of all others similarly situated,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

  You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

  There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

  *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

  *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

  *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>  George E. McDonald Hall of Justice, 2233 Shoreline Drive, Alameda, CA 94501 | CASE NUMBER: *(Número del Caso):*<br>**R G 2 0 0 6 2 6  8 9** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
  Ryan J. Clarkson (SBN 257074), Clarkson Law Firm, PC., 9255 Sunset Blvd., Ste. 804, Los Angeles, CA 90069 (213) 788-4050

| DATE: **MAY 2 9 2020**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | _____ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010).)*

| | **NOTICE TO THE PERSON SERVED:** You are served |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br>3. ☐ on behalf of *(specify):*<br> under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br> ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br> ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br> ☐ other *(specify):*<br>4. ☐ by personal delivery on *(date)* |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

BY FAX

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Ryan J. Clarkson (SBN 257074); Matthew T. Theriault (SBN 244037)
Clarkson Law Firm, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
TELEPHONE NO.: (213) 788-4050    FAX NO. *(Optional):* (213) 788-4070
ATTORNEY FOR *(Name):* Plaintiff Elizabeth Maisel

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 9 2020

CLERK OF THE SUPERIOR COURT
By _____
Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 2233 Shoreline Drive
MAILING ADDRESS: 2233 Shoreline Drive
CITY AND ZIP CODE: Alameda, CA 94501
BRANCH NAME: George E. McDonald Hall of Justice

CASE NAME:
Maisel v. Tootsie Roll Industries, LLC

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: RG20062689 |
|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter [ ] Joinder |
| | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: |
| | | DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[x] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [x] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [x] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [x] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Six (6) CLRA, UCL, FAL, Unjust Enrichment, Common Law Fraud, Breach of Implied Warranty of Merchantability
5. This case [x] is [ ] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*
Date: May 29. 2020

Ryan J. Clarkson
(TYPE OR PRINT NAME) _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |
|---|---|---|

BY FAX

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                                          **CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

---

CM-010 [Rev. July 1, 2007]                                 **CIVIL CASE COVER SHEET**                                 Page 2 of 2

For your protection and privacy, please press the Clear
This Form button after you have printed the form.          | Print this form |   | Save this form |                 | Clear this form |

EXHIBIT D

1    **CLARKSON LAW FIRM, P.C.**
     Ryan J. Clarkson (SBN 257074)
2    rclarkson@clarksonlawfirm.com
     Matthew T. Theriault (SBN 244037)
3    mtheriault@clarksonlawfirm.com
     Bahar Sodaify (SBN 289730)
4    bsodaify@clarksonlawfirm.com
     Zach Chrzan (SBN 329159)
5    zchrzan@clarksonlawfirm.com
     9255 Sunset Blvd., Suite 804
6    Los Angeles, California 90069
     Tel: (213) 788-4050
7    Fax: (213) 788-4070
8

9    *Attorneys for Plaintiff*

ENDORSED
FILED
ALAMEDA COUNTY

MAY 2 9 2020

CLERK OF THE SUPERIOR COURT
By _____
                            Deputy

10              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

11                          COUNTY OF ALAMEDA

12
     ELIZABETH MAISEL, individually and on          Case No.    **RG 20 0626 89**
13   behalf of all others similarly situated,

14                      Plaintiff,                  CLASS ACTION

15          vs.                                     **DECLARATION OF MATTHEW T.
                                                    THERIAULT REGARDING VENUE
16   TOOTSIE ROLL INDUSTRIES, LLC and               PURSUANT TO CALIFORNIA CODE OF
     DOES 1 through 10, inclusive,                  CIVIL PROCEDURE SECTION 1780(d)**
17
                       Defendants.
18

19

20

21

22

23

24

25

26

27

28

_____
             DECLARATION OF MATTHEW T. THERIAULT RE CCP §1780(d)

1    I, Matthew T. Theriault, do hereby declare as follows:

2        1.    I am a Partner at Clarkson Law Firm, P.C., counsel of record for Plaintiff, and am

3    licensed to practice in all courts within the State of California.  I have personal knowledge of the facts

4    stated herein, and if called to testify as a witness, I could and would competently testify to them.

5        2.    Pursuant to California Civil Code Section 1780(d), this Court is proper for trial of this

6    action because Defendants are doing business in Alameda County and some of the transactions at

7    issue and subject matter of the above-captioned action occurred in Alameda County.

8        I declare and state under penalty of perjury that the foregoing is true and correct.  Executed

9    on May 29, 2020 at Los Angeles, California.

11                          **CLARKSON LAW FIRM, P.C.**

13                          *[signature]*

14                          Matthew T. Theriault, Esq.
15                          Ryan J. Clarkson, Esq.
                            Bahar Sodaify, Esq.
16                          Zach Chrzan, Esq.

17                          *Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

1

DECLARATION OF MATTHEW T. THERIAULT RE CCP §1780(d)

# EXHIBIT E

Clarkson Law Firm, P.C.
Attn: Clarkson, Ryan J
9255 Sunset Blvd.
Suite 804
Los Angeles, CA   90069____

Tootsie Roll Industries, LLC

---

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

---

| Maisel | |
|---|---|
| | Plaintiff/Petitioner(s) |
| VS. | |
| Tootsie Roll Industries, LLC | |
| | Defendant/Respondent(s) |
| (Abbreviated Title) | |

No. RG20062689

NOTICE OF HEARING

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above-entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 08/25/2020   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Case Management Conference:
DATE: 09/22/2020   TIME: 03:00 PM   DEPARTMENT: 23
LOCATION: Administration Building, Fourth Floor
1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 3.400 et seq. and Local Rule 3.250 (Unified Rules of the Superior Court, County of Alameda), the above-entitled matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 23 issues tentative rulings on DomainWeb (www.alameda.courts.ca.gov/domainweb). For parties lacking access to DomainWeb, the tentative ruling must be obtained from the clerk at (510) 267-6939. Please consult Rule 3.30(c) of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 23.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions. Case Management Statements may be filed by E-Delivery, by submitting directly to the E-Delivery Fax Number (510) 267-5732. No fee is charged for this service. For further information, go to **Direct Calendar Departments** at

**http://apps.alameda.courts.ca.gov/domainweb.**

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 23.

If the information contained in this notice requires change or clarification, please contact the courtroom clerk for Department 23 by e-mail at Dept.23@alameda.courts.ca.gov or by phone at (510) 267-6939.

TELEPHONIC COURT APPEARANCES at Case Management Conferences may be available by contacting CourtCall, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 882-6878, or faxing a service request form to (888) 883-2946. This service is subject to charges by the vendor.

Dated:   06/16/2020                    Chad Finke   Executive Officer / Clerk of the Superior Court

                                       By   _____

                                                                      Deputy Clerk

---

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct:  I am the clerk of the above-named court and not a party to this cause.  I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

                   Executed on 06/17/2020.

                                       By   _____

                                                                      Deputy Clerk

1   PROOF OF SERVICE

2   SUPERIOR COURT OF THE STATE OF CALIFORNIA

3   COUNTY OF ALAMEDA

4       I am employed in the County of LOS ANGELES, State of CALIFORNIA.  I am over the age of
5   18 and not a party to within action; my business address is **9255 Sunset Blvd., Suite 804, Los Angeles, CA 90069.**

6       On June 29, 2020, I served the foregoing document described as **NOTICE OF HEARING** on
    interested parties in this action by sending a true copy of the document to the following parties as
7   follows:

8   **Donahue FitzGerald LLP**
    David M. Jolley
9   DJolley@Donahue.com
    1999 Harrison Street, 26th Floor
10  Oakland, CA 94612

11

12  _X_ (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic
    mail to the offices of the addressees.

13  ____ (BY FACSIMILE) I transmitted pursuant Rule 2.306, the above-described document by
    facsimile machine (which complied with Rule 2003(3)), to the attached listed fax number(s).
14  The transmission originated from facsimile phone number (213) 788-4070 and was reported as
15  complete and without error.

16  ____ (BY PERSONAL SERVICE) I caused such envelope(s) to be hand delivered to the offices of
    the addressees.

17  ____ (BY US MAIL) I caused such envelope(s) with postage thereon fully prepaid, to be placed in the
18  United States mail at Los Angeles, California, pursuant to California Code of Civil Procedure §
    415.40. I am readily familiar with this business' practice for collecting and processing
19  correspondence for mailing. On the same day that correspondence is placed for collection and
    mailing, it is deposited in the ordinary course of business with the United States Postal Service.

20

21  Executed on June 29, 2020 at Los Angeles, California

22  _X_ (STATE) I declare under penalty of perjury under the laws of the State of California that the above
23  is true and correct.

24

25  _Stephanie Satow_

26  Stephanie Satow

27

28

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, California 90069

# EXHIBIT F

POS-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Ryan J. Clarkson (SBN 257074); Matthew T. Theriault (SBN 244037)
Clarkson Law Firm, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
TELEPHONE NO.: 213-788-4050   FAX NO. *(Optional):* 213-788-4070
E-MAIL ADDRESS *(Optional):* rclarkson@clarksonlawfirm.com
ATTORNEY FOR *(Name):* Plaintiff Elizabeth Maisel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 2233 Shoreline Drive
MAILING ADDRESS: 2233 Shoreline Drive
CITY AND ZIP CODE: Alameda, CA 94501
BRANCH NAME: George E. McDonald Hall of Justice

**FILED BY FAX** *ONLY*
ALAMEDA COUNTY

July 15, 2020

CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy

CASE NUMBER:
**RG20062689**

PLAINTIFF/PETITIONER: Elizabeth Maisel
DEFENDANT/RESPONDENT: Tootsie Roll Industries, LLC

CASE NUMBER:
RG20062689

**PROOF OF SERVICE OF SUMMONS**

Ref. No. or File No.:

*(Separate proof of service is required for each party served.)*

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of:
   a. [×] summons
   b. [×] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [×] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [×] other *(specify documents):* DECLARATION OF MATTHEW T. THERIAULT REGARDING VENUE PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 1780(d)

3. a. Party served *(specify name of party as shown on documents served):*
      Tootsie Roll Industries, LLC
   b. [×] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      David M. Jolley, Attorney for Tootsie Roll Industries, LLC

4. Address where the party was served:
   Donahue Fitzgerald, LLP, 1999 Harrison St, 26th floor, Oakland, CA 94612 <DJolley@Donahue.com>

5. I served the party *(check proper box)*
   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):*                    (2) at *(time):*
   b. [ ] **by substituted service.** on *(date):*              at *(time):*              I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*

      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on
      *(date):*              from *(city):*              or [ ] a declaration of mailing is attached.

      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

**POS-010**

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: Elizabeth Maisel | | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Tootsie Roll Industries, LLC | | RG20062689 |

5. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date):*           (2) from *(city):*

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

  d. ☒ **by other means** *(specify means of service and authorizing code section):*
I emailed the documents listed in item 2 to the party, to the address shown in item 4 on 6/15/2020 from Los Angeles with a Notice and Acknowledgment of Receipt (Attach completed Notice and Acknowledgment of Receipt) (Code Civ. Proc., § 415.30.) Service via Electronic Mail pursuant to Amendments to the California Rules of Court

    ☐ Additional page describing service is attached. Emergency Rule 12 re Electronic Service

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.

  b. ☐ as the person sued under the fictitious name of *(specify):*

  c. ☐ as occupant.

  d. ☐ On behalf of *(specify):*

    under the following Code of Civil Procedure section:

| | |
|---|---|
| ☐ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**

  a. Name: Stephanie Satow

  b. Address: 9255 Sunset Blvd., Ste. 804, Los Angeles, CA 90069

  c. Telephone number: 213-788-4050

  d. **The fee** for service was: $

  e. I am:

    (1) ☒ not a registered California process server.

    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).

    (3) ☐ a registered California process server:

        ☐ owner    ☐ employee    ☐ independent contractor.

      (ii) Registration No.:

      (iii) County:

8. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    **or**

9. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: July 14, 2020

Stephanie Satow
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

*Stephanie Satow*
(SIGNATURE)

For your protection and privacy, please press the Clear This Form button after you have printed the form.    [ Print this form ]  [ Save this form ]    [ Clear this form ]

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | FOR COURT USE ONLY |
|---|---|
| NAME: Ryan J. Clarkson   STATE BAR NO: 257074 | |

FIRM NAME: Clarkson Law Firm, P.C.
STREET ADDRESS: 9255 Sunset Blvd., Ste. 804,
CITY: Los Angeles   STATE: CA   ZIP CODE: 90069
TELEPHONE NO.: 213-788-4050   FAX NO.: 213-788-4070
E-MAIL ADDRESS: rclarkson@clarksonlawfirm.com
ATTORNEY FOR (Name): Plaintiff Elizabeth Maisel

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Alameda
STREET ADDRESS: 2233 Shoreline Drive
MAILING ADDRESS: 2233 Shoreline Drive
CITY AND ZIP CODE: Alameda, CA 94501
BRANCH NAME: George E. McDonald Hall of Justice

Plaintiff/Petitioner: Elizabeth Maisel
Defendant/Respondent: Tootsie Roll Industries, LLC

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:   RG20062689 |
|---|---|

TO (insert name of party being served): Tootsie Roll Industries LLC

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 06/15/2020

_____   ▶   _____
Ryan J. Clarkson
(TYPE OR PRINT NAME)   (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of (to be completed by sender before mailing):

1. [X] A copy of the summons and of the complaint.
2. [ ] Other (specify):

(To be completed by recipient):
Date this form is signed: 7/2/2020

David M. Jolley - Tootsie Roll Indust. LLC   ▶   _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,   (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)   ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use   Judicial Council of California   POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Code of Civil Procedure,   §§ 415.30, 417.10   www.courtinfo.ca.gov |
|---|---|---|

For your protection and privacy, please press the Clear This Form button after you have printed the form.   [Print this form]   [Save this form]   [Clear this form]

# EXHIBIT G

FILED BY FAX
ALAMEDA COUNTY

July 15, 2020

CLERK OF
THE SUPERIOR COURT
By Milagros Cortez, Deputy

CASE NUMBER:

**RG20062689**

**CLARKSON LAW FIRM, P.C.**
1   Ryan J. Clarkson (SBN 257074)
    rclarkson@clarksonlawfirm.com
2   Matthew T. Theriault (SBN 244037)
    mtheriault@clarksonlawfirm.com
3   Bahar Sodaify (SBN 289730)
    bsodaify@clarksonlawfirm.com
4   Zach Chrzan (SBN 329159)
    zchrzan@clarksonlawfirm.com
5   9255 Sunset Blvd., Suite 804
    Los Angeles, California 90069
6   Tel: (213) 788-4050
    Fax: (213) 788-4070
7
8   *Attorneys for Plaintiff*
9
10
11              IN THE SUPERIOR COURT OF CALIFORNIA
12                  FOR THE COUNTY OF ALAMEDA
13
    ELIZABETH MAISEL, individually and on        Case No. RG20062689
14  behalf of all others similarly situated,
15                  Plaintiff,                     **PROOF OF SERVICE**
16      vs.
17  TOOTSIE ROLL INDUSTRIES, LLC and
    DOES 1 through 10, inclusive,
18
                    Defendants.
19
20
21
22
23
24
25
26
27
28

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Clarkson Law Firm, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, California 90069

PROOF OF SERVICE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ALAMEDA

I am employed in the County of LOS ANGELES, State of CALIFORNIA. I am over the age of 18 and not a party to within action; my business address is **9255 Sunset Blvd., Suite 804, Los Angeles, CA 90069.**

On June 29, 2020, I served the foregoing document described as **NOTICE OF HEARING** on interested parties in this action by sending a true copy of the document to the following parties as follows:

**Donahue FitzGerald LLP**
David M. Jolley
DJolley@Donahue.com
1999 Harrison Street, 26th Floor
Oakland, CA 94612

___X_ (BY ELECTRONIC MAIL) I caused the document(s) to be successfully transmitted via electronic mail to the offices of the addressees.

_____ (BY FACSIMILE) I transmitted pursuant Rule 2.306, the above-described document by facsimile machine (which complied with Rule 2003(3)), to the attached listed fax number(s). The transmission originated from facsimile phone number (213) 788-4070 and was reported as complete and without error.

_____ (BY PERSONAL SERVICE) I caused such envelope(s) to be hand delivered to the offices of the addressees.

_____ (BY US MAIL) I caused such envelope(s) with postage thereon fully prepaid, to be placed in the United States mail at Los Angeles, California, pursuant to California Code of Civil Procedure § 415.40. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

Executed on June 29, 2020 at Los Angeles, California

___X_ (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Stephanie Satow