**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Matthew T. Theriault (SBN 244037)
mtheriault@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAISEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOOTSIE ROLL INDUSTRIES, LLC, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  3:20-cv-05204-SK<br><br>**CLASS ACTION**<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>[Concurrently Served Herewith: Declaration of Bahar Sodaify and [Proposed] Order]<br><br>Judge:           Hon. Sallie Kim<br>Courtroom:   C<br>Hearing Date: October 5, 2020<br>Time:            9:30 AM<br><br>Action Filed:  May 29, 2020 |

**TO ALL PARTIES AND THEIR ATTORNEYS HEREIN:**

**PLEASE TAKE NOTICE** that on October 5, 2020 in Courtroom C of San Francisco Courthouse before the Honorable Sallie Kim, Plaintiff Elizabeth Maisel("Plaintiff"), on behalf of herself and all others similarly situated, by and through her counsel Ryan J. Clarkson, Matthew T. Theriault, Bahar Sodaify, and Zachary T. Chrzan of Clarkson Law Firm, P.C., will move this court for an order granting Plaintiff's motion to remand and for attorneys' fees associated with the motion.

The motion is made pursuant to United States Code 28 U.S.C. §1447 (c). The motion will be based on this Notice of Motion, the Memorandum of Points and Authorities, supporting declaration of Bahar Sodaify, and any oral argument as may be presented to the Court at the time of the hearing.

DATED: August 28, 2020

Respectfully submitted,
**CLARKSON LAW FIRM, P.C.**

By: /s/ Bahar Sodaify
Bahar Sodaify, Esq.
Ryan J. Clarkson, Esq.
Matthew T. Theriault, Esq.
Zachary T. Chrzan, Esq.

*Attorneys for Plaintiff*

## I. INTRODUCTION

In order to increase profits at the expense of consumers and fair competition, Tootsie Roll Industries, LLC ("Tootsie" or "Defendant") sold and continues to sell Junior Mints and Sugar Babies (the "Products") in oversized, opaque boxes that deceive reasonable consumers that the Products are only half full. There is no legitimate purpose for selling half-full boxes of candy (i.e., they contain "nonfunctional slack-fill"), which violates California's consumer protection and packaging statutes specifically designed to prevent this scam.[1] Tootsie relied on its name and goodwill to further this scam even in the face of other lawsuits against similar companies, including *two* certified class actions in California against Tootsie's competitors for the same violations. Plaintiff's pre-suit notice and class action complaint demands that Tootsie make consumers whole for money lost because of its false, deceptive, and unlawful Product packaging. The Complaint seeks restitution only.

To manufacture federal jurisdiction, Tootsie claims that Plaintiff seeks "full" restitution of the half-full boxes it sold. Therefore, under Tootsie's rationale, because the total Product sales from 2016-2018 equaled $6.2M, the $5M CAFA threshold is met. Even the most aggressive of plaintiffs' counsel would not accept this flawed syllogism. In the simplest of mathematical terms, if consumers actually believed the boxes were 100% full, but they only got 50% of the product, then their damages would be 50% of the sales. Therefore, if sales were $6.2M, then damages would equal only $3.1M, which does not meet CAFA's $5M jurisdictional limit.

---

[1] Following an action by Plaintiff Ketrina Gordon against Defendant in the Central District of California, *Gordon v. Tootsie Roll Industries, Inc.*, Case No. 2:17-cv-02664-DSF-MRW (C.D. Cal.), Defendant updated the Products' packaging to address the claims of consumer deception at issue. That Plaintiff discovered on May 2, 2018 that Defendant intended to roll out production of the updated packaging. Specifically, Defendant added to the front of the Products' boxes a prominent depiction of the "actual size" of the candy therein, accompanied by a numerical "piece count" and additional disclaimers regarding, *inter alia*, product settling. Taken together, these packaging modifications eliminated consumer deception caused by Defendant's previous packaging by conspicuously informing consumers of the exact size and number of candy pieces they are buying. In addition, such packaging modifications mirror compliance with the California State Assembly's recent amendments to the applicable slack-fill statute. While such changes provide consumers greater transparency and the ability to make informed choices at the point of purchase, they do not address restitutionary relief and money lost by Plaintiff and the Class because of Defendant's deceptive packaging during the class period.

Any seasoned consumer advocate or defense counsel (like Tootsie's counsel) knows the damages model is far more complex than this, however. Plaintiff alleges that her experts calculated price premiums of 21.5% and 26% for retail sales of Sugar Babies and Junior Mints, respectively. Plaintiff alleges a price premium of between 13.4% and 16.4% for movie theater purchases. Therefore, the most liberal estimate of damages would be $1.6M (i.e., 26% of sales), which is far less than CAFA's $5M jurisdictional threshold. Plaintiff's attorneys' fees can be approximated by a 25% federal benchmark of any amount obtained at trial (or settlement) subject to a lodestar crosscheck. Therefore, applying the 25% benchmark to $1.6 million would equate to $400,000, for a total of $2 million. Accordingly, remand is required because CAFA's $5M jurisdictional threshold is not met.

Accordingly, removal is improper because Tootsie fails to demonstrate that an award of restitution and attorneys' fees will be more than $5 million. Therefore, the Court should remand this action to California Superior Court and order Defendant to pay $8,625 in attorneys' fees pursuant to 28 U.S.C. Section 1447(c) for its improvident removal.

## II.  FACTS AND PROCEDURE

Plaintiff resides in California. Dkt. 1-2 (Complaint) ¶ 9. Tootsie is headquartered in Chicago, Illinois. *Id.* ¶ 10.

Plaintiff purchased the Products in Berkeley, California. *Id.* ¶ 9. In making her purchase, Plaintiff relied upon the opaque packaging, including the size of the box and Product label. *Id.* Plaintiff reasonably believed that the amount of candy was proportional to the size of the box. *Id.* Had she known Tootsie was shortchanging her by the tune of almost 50%, she would not have purchased the Products for the price that she was charged. *Id.* ¶¶ 9, 32. Tootsie deceptively sold the Products in oversized, opaque boxes that do not reasonably inform consumers that they are half empty. *Id.* ¶ 1. Tootsie Roll failed to comply with consumer protection and packaging statutes designed to prevent unsuspecting consumers from deceptive "slack-fill" scam. *Id.* ¶ 2.

Plaintiff filed a class action against Tootsie on May 29, 2020, alleging violations of California packaging laws and California consumer protection laws including California Consumers Legal Remedies Act, Civil Code Section 1750 *et seq.*, California False Advertising

1  Law, Business and Professions Code Section 17500 *et seq.*, and California Unfair Competition
2  Law Business and Professions Code Section 17200 *et seq. Id.*, *passim*. The complaint seeks
3  restitution of the money wrongfully acquired by Defendant. *Id.* ¶ 4, Prayer for Relief.
4      Defendant removed on July 29, 2020. Dkt. 1. Tootsie claims that the amount in
5  controversy meets CAFA's $5M threshold because Tootsie Roll's dollar amount of wholesale
6  sales of Junior Mints and Sugar Babies in the challenged theater boxes to consumers in California
7  exceeds $6 million during the putative class period. Dkt 1. ¶¶ 17-19; Dkt. 1-3 ¶ 3.

**III.   ARGUMENT**

    **A.   Standard for Removal Under CAFA**

"The burden of establishing federal subject matter jurisdiction falls on the party invoking removal." *Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011), *citing Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 686 (9th Cir. 2006). The Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), provides for federal jurisdiction when (1) minimal diversity exists, (2) there are at least 100 members in the class[2] and, (3) the amount in controversy exceeds $5M.

"Courts in the Ninth Circuit use a two-step approach to determine the burden of proof on removal." *Fletcher v. Toro Co.*, 2009 U.S. Dist. LEXIS 126693, at *5 (S.D. Cal. 2009) (*referencing Tompkins v. Basic Research LLC,* 2008 U.S. Dist. LEXIS 81411, at *2 (E.D. Cal. 2008)). If the amount in controversy is "facially apparent" from the complaint and "alleges damages in excess of the jurisdictional amount, then the amount in controversy requirement is presumptively satisfied, unless the plaintiff proves to a legal certainty the claim is actually worth less than the jurisdictional amount." *Fletcher, supra* at *6 (*citing Abrego* 443 F.3d at 683). But if the complaint alleges damages less than the jurisdictional amount, the amount in controversy is presumptively not satisfied unless defendant proves to a legal certainty that the claim is actually worth more than the jurisdictional amount. *Id.* (*citing Lowdermilk v. U.S. Bank Nat'l Ass'n,* 479 F.3d 994, 999 (9th Cir. 2007)).

---

[2] Plaintiff concedes minimal diversity and sufficient class size. *See* 28 U.S.C. § 1332(d). This motion focuses only on the $5M amount in controversy.

If the complaint does not allege a specific amount of damages, or the amount is vague, then the removing defendant must prove by a preponderance of evidence that the amount in controversy requirement has been met. *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015) ("[W]hen the defendant's assertion of the amount in controversy is challenged by plaintiffs in a motion to remand, . . . CAFA's requirements are to be tested by consideration of real evidence.") "'[M]erely listing categories of damage'. . . does not satisfy the removing defendant's burden of establishing the amount in controversy exceeds" the threshold requirement. *Earl v. Diebold, Inc.,* 2015 U.S. Dist. LEXIS 23052, at *18-19 (S.D. Ala. Feb. 5, 2015) (*citing Robinson v. Clayton*, 2012 U.S. Dist. LEXIS 171503, at *2 (S.D. Ala. Dec. 3, 2012).

### B.     Tootsie Cannot Demonstrate More Than $5 Million in Controversy

#### *1.     Tootsie fails to provide sufficient evidence and argument demonstrating that the amount in controversy is greater than $5M.*

Tootsie argues that this case should be removed because "if full restitution is awarded" that amount "would be in excess of $5 million." Dkt 1. ¶¶ 17-19. Defendant's argument fails for two primary reasons:

First, Tootsie fails to prove by a preponderance of evidence that the amount in controversy requirement has been met. *Ibarra*, 775 F.3d at 1197-98. Instead, Tootsie speculates that "*if* full restitution is awarded" that amount would exceed $5 million. Dkt 1. ¶¶ 17-19. Speculation is not evidence and therefore, not a proper basis for removal. *See Perez v. Winn Companies, Inc.*, 2014 U.S. Dist. LEXIS 158748, at *26-28. (E.D. Cal. 2014) ("When defendants rely upon 'speculative and self-serving assumptions about key unknown variables,' as Defendants did in this action, the Ninth Circuit has determined it is an error to find the defendants carried the burden to demonstrate the amount in controversy. *See Garibay v. Archstone Cmtys. LLC*, 539 Fed. App'x at 764"). Tootsie has failed to provide any evidence that this is a full restitution case (it is not), and even if Plaintiff was seeking full restitution (she is not), Defendant has failed to provide any evidence that restitution would be awarded in full. *See Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 399 (9th Cir. 1996) ("The defendant is to be held to a higher burden than showing a

1   mere possibility that the federal jurisdictional amount is satisfied for a removal to federal

2   court.").Tootsie cannot meet CAFA's jurisdictional amount.

3         Second, Tootsie ignores Plaintiff's allegations that this is not a full restitution case. *See*

4   *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) ("The ultimate

5   inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant

6   will actually owe."); *see Waller v. Hewlett-Packard Co., No.,* 2011 U.S. Dist. LEXIS 50408 (S.D.

7   Cal. 2011) ("In determining the amount in controversy, the Court considers the relief a plaintiff

8   seeks, not what the plaintiff may reasonably or ultimately obtain.").

9         Plaintiff alleges that she is not seeking *full* restitution but instead, the difference between

10  what the Plaintiff and the Class paid and the value received. *See* Dkt. 1-2 (Complaint) ¶ 172

11  ("Defendant should be compelled to provide restitution damages to consumers who paid for candy

12  products they never received due to Defendant's representation that it contained a commensurate

13  amount of candy product for a box of its size."); *see also Feao v. UFP Riverside, LLC*, No. 2017

14  WL 2836207 at *2 (C.D. Cal. 2017) ("For CAFA jurisdiction purposes, the amount in controversy

15  is determined by the universe of what the plaintiff puts at-issue in the complaint."); *Cortez v.*

16  *Purolator*, 23 Cal.4th 163, 174 (2000) (The proper measure of restitution is the difference between

17  what the plaintiff paid and the value received).

18        Plaintiff further alleges that her economic and conjoint analysis experts calculated the

19  difference between what Plaintiff and the Class paid and the value received (or price premia) for

20  both Products for the retail sales and movie theater sales channels. Dkt. 1-2 ¶ 25.  Plaintiff's

21  experts determined that the price premium for Juniors Mints was 26.0% while the price premium

22  for Sugar Babies was 21.5% for the retail sales channel, and for the movie theater sales channel

23  the price premia for Junior Mints and Sugar Babies was 16.4% and 13.4%, respectively. *Id.* ;

24  *Guido v. L'Oreal, USA, Inc*., 2014 U.S. Dist. LEXIS 165777, at *34 (C.D. Cal. 2014) (Conjoint

25  analysis is an available method for calculating classwide relief consistent with Plaintiff's theory of

26  liability); *In re NJOY, Inc. Consumer Class Action Litig*., 2016 U.S. Dist. LEXIS 24235 (C.D. Cal.

27  2016))("[P]laintiffs' damages calculation [using conjoint analysis] appears capable of reliably

28  isolating the pertinent price premium and establishing the full extent of damages on a class-wide

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069

basis, in a manner consistent with plaintiffs' theories of liability."). Based on a conservative application of a 26% price premium to the total Product sales of $6.2 million, the amount in controversy is approximately $1.6 million. Accordingly, Tootsie fails to satisfy the $5 million jurisdictional requirement for removal.

### 2. *Tootsie Cannot Demonstrate that Plaintiff's Attorneys' Fees Would be Greater than $5 Million.*

Tootsie fails to provide any evidence of Plaintiff's attorneys' fees. Dkt. No. 1 ¶14. *See Perez*, 2014 U.S. Dist. LEXIS 158748, at *26; *Sanchez*, 102 F.3d at 399; *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). Accordingly, Plaintiff's attorneys' fees cannot be considered as part of the amount in controversy because Defendant's Notice of Removal offered no estimate of those fees, much less any evidentiary support. *Steenhuyse*, 317 F.Supp.3d at 1073 ("Given defendant's failure to provide any evidence estimating plaintiff's pro-rata share of the total lodestar here, the Court declines to include an attorneys' fee estimate as part of the amount in controversy calculation.").

If the Court entertains a 25% federal benchmark of any amount obtained at trial (or settlement) subject to a lodestar crosscheck, then CAFA jurisdiction is not met. *Fischel v. Equitable Life Assurance Soc'y of the U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002) ("In a common fund case, the district court has discretion to apply either the lodestar method or the percentage-of-the-fund method in calculating a fee award. While the court has discretion to use either method, the primary basis of the fee award remains the percentage method."); *Staton v. Boeing*, 327 F.3d 938, 967-68 (9th Cir. 2003); *see also Six (6) Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990) ("[B]enchmark percentage [of 25% of the fund] should be adjusted, or replaced by a lodestar calculation, when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors"); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."). Applying a 25% benchmark to $1.6 million would equate to $400,000, for a total maximum jurisdictional amount of $2 million dollars which is significantly below the $5 million threshold

7
PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES

requirement. Moreover, Tootsie Roll has the burden of proof as to any estimate of attorneys' fees; without offering any estimate of fees, nor any evidence on the issue, it has utterly failed to carry its burden. *Steenhuyse*, *supra* at 1073. Grounds not included in the Notice of Removal cannot be considered as a basis for removal. *Id.*

### C. Tootsie Is Liable for Plaintiff's Attorneys Fees Pursuant to 28 U.S.C. Section 1447(c)

The Court should award attorneys' fees pursuant to 28 U.S.C. Section 1447(c). *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005) (An award of attorneys' fees and costs is proper if there was no "objectively reasonable basis" for removal). The purpose of the award "is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." *Moore v. Permanente Med. Grp. Inc.*, F. 981 F.2d 443, 447-48 (9th Cir. 1992); *Martin, supra* (Orders granting attorney fees under § 1447(c) need not be supported by a finding of bad faith.); *Don Johnson Prods. v. Rysher Entm't, Inc.*, 2009 U.S. Dist. LEXIS 81594, at *22 (C.D. Cal. 2009) (citing *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 n. 6 (9th Cir. 2000)) ("In fact, the Ninth Circuit has made clear that an award of attorneys' fees is permissible even if defendant's removal was 'fairly supportable,' but wrong as a matter of law."); *Gotro v. R&B Realty Group*, 69 F.3d 1485, 1487-88 (9th Cir. 1995) (the district court has broad discretion to award attorneys' fees incurred as a result of removal under § 1447(c)).

Tootsie has removed this case without good grounds. Tootsie claims Plaintiff is seeking full restitution but has failed to provide any evidence and has ignored Plaintiff's allegations to the contrary. Furthermore, Tootsie could have easily calculated the actual amount in controversy based on the price premia alleged in Plaintiff's complaint and determined that the amount would not have satisfied the jurisdictional requirement but failed to do so. Likewise, Tootsie failed to provide any evidence regarding Plaintiff's attorneys' fees and instead speculates that the inclusion of attorneys' fees would exceed $5 M. Therefore, despite not having any actual evidence or proper basis for removal, Tootsie removed anyways, wasting the Court's and Plaintiff's resources. Accordingly, Plaintiff should be reimbursed for the unnecessary attorneys' fees incurred in this

Motion. Plaintiff respectfully requests $8,625 in attorneys' fees. *See,* Declaration of Bahar Sodaify, ¶¶ 1-9.

### III. CONCLUSION

For the foregoing reasons, Plaintiff requests the Court remand this case to Alameda County Superior Court and award her attorneys' fees and costs incurred in the filing of this Motion.

DATED: August 28, 2020                    **CLARKSON LAW FIRM, P.C.**

/s/ Bahar Sodaify
Bahar Sodaify, Esq.
Ryan J. Clarkson, Esq.
Matthew T. Theriault, Esq.
Zachary T. Chrzan, Esq.

*Attorneys for Plaintiff*