**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
Zachary T. Chrzan (SBN 329159)
zchrzan@clarksonlawfirm.com
Christina N. Mirzaie (SBN 333274)
cmirzaie@clarksonlawfirm.com
9255 Sunset Blvd., Ste. 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAISEL, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>TOOTSIE ROLL INDUSTRIES, LLC,<br><br>Defendant. | Case No. 3:20-cv-05204-SK<br><br>**<u>CLASS ACTION</u>**<br><br>**STATEMENT OF RECENT DECISION**<br><br>Hon. Sallie Kim<br><br>Action Filed:  May 29, 2020<br><br>Hrg. Date:  May 24, 2021<br>Hrg. Time:  9:30 a.m.<br>Courtroom:  C |

Plaintiff Elizabeth Maisel ("Plaintiff"), by and through her counsel, Ryan J. Clarkson, Bahar Sodaify, Zachary T. Chrzan, and Christina N. Mirzaie of Clarkson Law Firm, P.C., respectfully submits this Statement of Recent Decision, pursuant to Local Rule 7-3(d)(2), as supplemental authority in support of Plaintiff's opposition to Defendant's motion to dismiss Plaintiff's First Amended Complaint ("FAC") (Dkt. 36) by way of a recently issued judicial decision by the Honorable Thomas S. Hixon (USMJ) in the United States Court for the Northern District of California, *Maisel v. S.C. Johnson & Son, Inc.*, No. 3:21-cv-00413-TSH (N.D. Cal. May 5, 2021), attached hereto as **Exhibit 1,** denying the defendant's Rule 12 motion to dismiss which raised similar issues as Tootsie's Rule 12 motion to dismiss, as follows:

(1) Based on these allegations [the who, what, when, where and how] the Court finds Maisel "set[s] forth more than the neutral facts necessary to identify the transaction"; indeed she "set[s] forth what is false or misleading about a statement, and why it is false." Ex. 1 at 15:6-8.

(2) Judges in this district have routinely held that allegations that mislabeling caused the plaintiff to purchase products they might not have otherwise purchased suffices for statutory standing. *Bohac*, 2014 WL 1266848, at *11; *Bruton v. Gerber Prod. Co.*, 2014 WL 172111, at *9 (N.D. Cal. Jan. 15, 2014); *Brazil v. Dole Food Co.*, 935 F. Supp. 2d 947, 961 (N.D. Cal. 2013) ("Essentially, Brazil alleges that he and class members 'spent money that, absent defendants' actions, they would not have spent,' which constitutes 'a quintessential injury-in-fact.'") (quoting *Maya*, 658 F.3d at 1069). Maisel alleges she spent money purchasing a product she would not have purchased were it not for SC Johnson's purported mislabeling. She claims she read SC Johnson's misstatements on its product labels and relied on them in making her purchase. That is sufficient for statutory standing under the CLRA, UCL, and FAL. *Bohac*, 2014 WL 1266848, at *11; *Carrea v. Dreyer's Grand Ice Cream, Inc.*, 2011 WL 159380, at *2 (N.D. Cal. Jan. 10, 2011), *aff'd*, 475 F. App'x 113 (9th Cir. 2012). Accordingly, Maisel has statutory standing. Ex. 1 at 7:1-12.

(3) "In applying the reasonable consumer standard, however, the packaging must be considered in context." *Tucker v. Post Consumer Brands, LLC*, 2020 WL 1929368, at *5 (N.D. Cal. Apr. 21, 2020). Ex. 1 at 17:2-4.

(4) "[C]ourts in this district regularly hold that stating a claim under California consumer protection statutes is sufficient to state a claim for express warranty." *Hadley*, 273 F. Supp. 3d at 1095 (citing *Tsan v. Seventh Generation, Inc.*, 2015 WL 6694104, at *7 (N.D. Cal. Nov. 3, 2015)(because plaintiffs satisfied the reasonable consumer standard with respect to their California consumer protection claims, the same "allegations [we]re sufficient to state a claim for breach of express warranty")); *see also Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1195 (N.D. Cal. 2014) (denying motion to dismiss breach of express warranty claim "for the same reasons as the consumer protection and misrepresentation-based claims"). Accordingly, because Maisel's "allegations are sufficient to state a claim under the reasonable consumer standard, they are likewise sufficient to state a claim for breach of express warranty." *Cooper v. Curallux, LLC* (2020) WL 4732193, at *7 (N.D. Cal. Aug. 14, 2020). Ex. 1 at 21:23-24:5.

(5) As Maisel's unjust enrichment claim is based on the same alleged misrepresentations about SC Johnson's products as her other claims, the Court finds they are sufficient to state a claim for unjust enrichment. *See Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 WL 1245130, at *13(N.D. Cal. Mar. 16, 2020) (denying motion to dismiss unjust enrichment claim where plaintiffs sufficiently pled fraud and breach of warranty claims). Ex. 1 at 21:22-23:2.

The *Maisel* order is therefore relevant to the Court's determination of the pending motion to dismiss in the instant case.

DATED: May 17, 2021                    **CLARKSON LAW FIRM, P.C.**

  /s/ Ryan J. Clarkson_____
Ryan J. Clarkson, Esq.
Bahar Sodaify, Esq.
Zachary T. Chrzan, Esq.
Christina N. Mirzaie, Esq.

*Attorneys for Plaintiff*