UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAISEL,<br><br>    Plaintiff,<br><br>    v.<br><br>TOOTSIE ROLL INDUSTRIES, LLC,<br><br>    Defendant. | Case No. 20-cv-05204-SK<br><br>**ORDER DENYING MOTION TO DISMISS AND DENYING MOTION TO STRIKE SUPPLEMENTAL AUTHORITY**<br><br>Regarding Docket Nos. 36, 41 |

Defendant Tootsie Roll Industries, LLC ("Defendant") removed the complaint filed by Plaintiff Elizabeth Maisel ("Plaintiff") from Alameda County Superior Court on July 29, 2020. (Dkt. 1.) Plaintiff moved to remand the complaint (Dkt. 10), and Defendant opposed the motion (Dkt. 19). On November 30, 2020, the Court heard oral argument on the motion to remand and denied the motion from the bench. (Dkt. 22.) Plaintiff appealed the denial (Dkt. 24), the Court granted the stipulation of the parties to stay the case pending appeal (Dkt. 28). The appeal was dismissed for lack of jurisdiction on February 17, 2021. (Dkt. 30.) Defendant then moved to dismiss the complaint (Dkt. 31), and Plaintiff responded by filing a First Amended Complaint ("FAC") (Dkt. 35).

Defendant moved to dismiss the FAC on April 14, 2021. (Dkt. 36.) Plaintiff opposed the motion. (Dkt. 37.) Plaintiff filed a statement of recent decision in support of the opposition to the motion to dismiss (Dkt. 39), and Defendant moved to strike the filing as improper (Dkt. 41). On May 24, 2021, the Court heard oral argument on the motion to dismiss. (Dkt. 42.) Having considered the submissions of the parties, the record in the case, and the relevant legal authorities, and having had the benefit of oral argument, the Court HEREBY DENIES Defendant's motion to dismiss, for the reasons set forth below. The Court simultaneously DENIES the motion to strike

the supplemental authority presented by Plaintiff as MOOT, as the Court found that the authority presented was not relevant and therefore did not consider it.

## BACKGROUND

Defendant is a corporation headquartered in Chicago, Illinois. (Dkt. 35 ¶ 10.) Defendant manufactures, markets, and distributes the popular boxed candy products Junior Mints and Sugar Babies (the "Products"). (*Id.* ¶¶ 1,3.) Plaintiff resides in California. (*Id.* ¶ 9.) In early 2018, Plaintiff purchased packages of Junior Mints and Sugar Babies candies at a Target store in Berkeley, California. (*Id.*) Plaintiff alleges that "[i]n making her purchase, Plaintiff relied upon the opaque packaging, including the size of the box and label," and she "understood the size of the box and product label to indicate the amount of candy contained therein was commensurate with the size of the box." (*Id.*) Had she not believed this to be true, "she would not have purchased the Product[s], or would not have paid a price premium for the Product[s]." (*Id.*) Instead, Plaintiff alleges that the candy boxes containing the Products were misleading; rather than being full of candy, Plaintiff contends that the boxes "contain nonfunctional, unlawful slack-fill." (*Id.* ¶ 14.)

Plaintiff alleges that Defendant knew that the size of the boxes relative to the amount of candy they contain is misleading to consumers. (*Id.* ¶¶ 13,16.) Plaintiff further alleges that, prior to the point of sale, "representations of quantity, such as net weight or serving disclosures," did not lead her and would not lead another reasonable consumer to expect "such representations to translate to a quantity of candy product meaningfully different from their expectation of a quantity of candy product commensurate with the size of the box. (*Id.* ¶¶ 22, 30.) Plaintiff contends that the opaque packaging prevents consumers from ascertaining the amount of candy in each box, even if such consumers were to shake the box before opening it. (*Id.* ¶ 27.)

Plaintiff further alleges that "net weight and serving size disclosures" do not allow for "any meaningful conclusions about the quantity of candy product" given consumers' expectation that the amount of product will correspond to the size of the box. (*Id.* ¶ 30.) Plaintiff claims that Defendant "uniformly underfills the Products' boxes, rendering about half of each box slack-fill, none of which serves a functional or lawful purpose." (*Id.* ¶ 33.) According to Plaintiff the Products' boxes are sealed with heated glue, which does not require slack-fill during the

manufacturing process. (*Id.* ¶ 38.) "Given the Products' density, shape, and composition, any settling occurs immediately at the point of filling the box," and "[n]o additional product settling occurs during subsequent shipping and handling," Plaintiff further maintains. (*Id.* ¶ 39.) Plaintiff alleges that the packaging of the Products is misleading, and that Defendant intended to mislead consumers with the packaging. (*Id.* ¶¶ 67, 70.)

Plaintiff alleges that she suffered injury as a result of Defendant's misleading packaging, including buying Products she might not otherwise have purchased had she known the amount of candy they contained and/or paying a price premium for the Products attributable to the amount of candy she believed them to contain, rather than the amount they actually contained. (*Id.* ¶ 9.) Plaintiff seeks to represent a class of consumers similarly injured. (*Id.* ¶¶ 85-96.) Plaintiff brings claims against Defendant for violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* ("UCL") (*Id.* ¶¶ 97-147); for false and misleading advertising in violation of Cal. Bus. & Prof. Code § 17500, *et seq.* ("FAL") (*Id.* ¶¶ 148-159); for violation of the California Consumers' Legal Remedies Act, California Civil Code § 1750, *et seq.* ("CLRA") (*Id.* ¶¶ 160-179); for unjust enrichment (*Id.* ¶¶ 180-188); for common law fraud (*Id.* ¶¶ 189-197); for breach of the implied warranty of merchantability (*Id.* ¶¶ 198-206); and for breach of express warranty (*Id.* ¶¶ 207-215). Plaintiff seeks restitution and attorneys' fees and costs. (Dkt. 35.) As the Court has previously determined, the Court has jurisdiction over this action pursuant to the Class Action Fairness Act. (Dkt. 22.)

Defendant moves to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that Plaintiff has failed to state a claim for relief under the applicable statutes and common law doctrines, has failed to plead causation or damages, and has failed to plead fraud with particularity. (Dkt. 36.)

Plaintiff opposes the motion, countering that the claims are adequately stated, that the factual allegations of the complaint must be taken as true, and that the question of whether a reasonable consumer would be misled by the Products' packaging is a question of fact inappropriate for resolution on a motion to dismiss. (Dkt. 37.)

## DISCUSSION

### A.     Legal Standards.

Defendant brings its motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  Rule 12(b)(6) authorizes a motion to dismiss where the pleadings fail to state a claim upon which relief can be granted.  When considering a motion to dismiss under Rule 12(b)(6), the Court construes the allegations in the complaint in the light most favorable to the non-moving party and takes as true all material allegations in the complaint.  *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).  If the allegations are insufficient to state a claim, a court should grant leave to amend, unless amendment would be futile.  *See, e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990); *Cook, Perkiss & Lieche, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 246-47 (9th Cir. 1990).

### B.     Analysis.

Because Plaintiff has plausibly alleged each of her causes of action, causation and damages, and fraud, and because whether a reasonable consumer would be deceived by Defendant's packaging is a question of fact inappropriate for resolution at this stage in the proceedings, the Court denies Defendant's motion to dismiss, as described below.

#### 1.     Statutory Claims.

Plaintiff has adequately stated claims under California's UCL, FAL, and CLRA.

4

1  To state a claim under the California UCL, FAL, or CLRA, a Plaintiff need only allege that
2  the advertising at issue is likely to deceive a reasonable consumer. *See Lavie v. Proctor &*
3  *Gamble Co.*, 105 Cal. App. 4th 496, 508 (2003); *Churchill Vill., LLC v. Gen. Elec. Co.*, 169 F.
4  Supp. 2d 1119, 1131 (N.D. Cal. 2000), *aff'd sub nom. Churchill Vill, LLC v. Gen. Elec.*, 361 F.3d
5  566 (9th Cir. 2004) ("A reasonable consumer standard applies to a false advertising claim under
6  the UCL"). "[T]he primary evidence in a false advertising case is the advertising itself." *Brockey*
7  *v. Moore*, 107 Cal. App. 4th 86, 100 (Cal. App. 2003). "California courts, however, have
8  recognized that whether a business practice is deceptive will usually be a question of fact not
9  appropriate for decision on demurrer." *Williams v. Gerber Prod. Co.*, 552 F.3d 934, 938-39 (9th
10 Cir. 2008). Only in "the rare situation" would "granting a motion to dismiss" a false advertising
11 claim be "appropriate." *Id.* at 939 (denying motion to dismiss where multiple features of
12 packaging might have deceived the reasonable consumer); *see also Comm. On Children's*
13 *Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 214 (1983) (noting that "[t]he unsuitability
14 of a demurrer to test the accuracy of a complaint is particularly marked" in the false advertising
15 context).
16 Nevertheless, some courts have found that dismissal is warranted when a court can
17 conclude as a matter of law that members of the public are not likely to be deceived by product
18 packaging. *See, e.g.*, *Bush v. Mondelez Int'l, Inc.*, 2016 WL 7324990, at *2 (N.D. Cal. Dec. 16,
19 2016) (granting motion to dismiss where "claim that reasonable consumers are likely to be
20 deceived by […] product packaging is implausible" where "product labels disclose the net weight
21 and number of" pieces "per container and consumers expect there to be some slack-fill in opaque
22 snack containers.") (citing *Ebner v. Fresh, Inc.*, 2016 WL 5389307, at *6 (9th Cir. Sept. 27,
23 2016)).
24 Defendant argues that Plaintiff has failed to plausibly allege that consumers are likely to be
25 deceived by the Products' packaging because the packaging clearly and accurately displays the
26 total weight of the candy in the box, serving size, and a disclosure that states that "[p]roduct sold
27 by weight not by volume." (Dkt. 36.) Defendant further points out that several courts have
28 considered the exact candy packaging at issue here and granted motions to dismiss fraudulent

advertising claims made based on the packaging. *See Gordon v. Tootsie Roll Indust., Inc.*, 2017 WL 8292777, at *4 (C.D. Cal. July 31, 2017); *Daniel v. Tootsie Roll Indust, LLC*, 2018 WL 3650015, at *11 (E.D.N.Y. Aug. 1, 2018); *Stemm v. Tootsie Roll Indust., LLC*, 374 F. Supp. 3d 734, 743-44 (N.D. Ill. 2019).

However, none of those cases are binding authority on this Court, and each is distinguishable from the case at bar. In *Gordon*, the court considered the exact arguments presented by Defendant here and denied its 12(b)(6) motion to dismiss on the basis that further discovery was needed to reveal whether a reasonable consumer would be misled by the packaging. 2017 WL 8292777, at *4. The court could not "find as a matter of law that a reasonable consumer of candy products understands that the amount of product indicated on the label is significantly less that is suggested by the size of the packaging." *Id.* This Central District of California case most closely tracks governing California law on whether decision on demurrer is appropriate in the context of a false advertising claim, though it does not cite those cases. In *Daniel*, the District Court for the Eastern District of New York granted a motion to dismiss, finding as a matter of law that a reasonable consumer could not be deceived by the packaging given the disclosures on the boxes. 2018 WL 3650015, at *11. The *Daniel* court applied New York law. The court does not cite in its reasoning any principle of New York law similar to the California tenant that granting a motion to dismiss on a false advertising claim should be a rare occurrence. And in *Stemm*, the Court granted a motion to dismiss based on a finding that the plaintiff failed to plead actual damages. 374 F. Supp. 3d at 743-44. The court there applied Illinois law, and in so doing could did not find that the box disclosures rendered the product "not misleading as a matter of law." 374 F. Supp. 3d at 741 (internal quotation marks omitted). Rather, the court granted the motion to dismiss on the basis that plaintiff had not adequately pled actual damages. As discussed below, the Court finds that actual damages are sufficiently pled here.

The Court finds that dismissal on the basis that a reasonable consumer would not be deceived by the Products' packaging at this stage of the litigation is inappropriate. Two primary justifications support this conclusion. First, the Court finds that Plaintiff has plausibly alleged that a reasonable consumer is likely to be deceived by the discrepancy between the size of the

1  Products' boxes and the boxes' disclosures regarding the amount of candy they contain. The
2  Court agrees with the court in *Gordon* that a reasonable consumer might not necessarily
3  comprehend the differential between the size of the box and the amount of the candy contained
4  inside, even with that amount listed numerically. The size of the box suggests something to the
5  average person that a recitation of numbers might not be sufficient to overcome; the common
6  experience of opening up an expensive box of movie theater candy to reveal a paltry few pieces
7  inside speaks to that fact.

Second, California law dictates that motions to dismiss should rarely be granted on false advertising claims due to those claims' factually dependent nature. The facts here are not sufficiently clear to justify granting such a rare remedy. Rather, decision at this stage risks substituting the judgment of the Court as to what constitutes reasonableness for a judgment on the merits of that question, supported by fulsome development of the factual record.

**2.  Slack-Fill Regulations.**

Defendant next contends that Plaintiff has not sufficiently pled violation of federal or California slack-fill laws, specifically 21 C.F.R. § 100.100(a) and Cal. Bus. & Prof. Code § 12606.2(c). (Dkt. 36.) The federal regulation provides:

> (a) A container that does not allow the consumer to fully view its contents shall be considered to be filled as to be misleading if it contains nonfunctional slack-fill. Slack-fill is the difference between the actual capacity of a container and the volume of product contained therein. Nonfunctional slack-fill is the empty space in a package that is filled to less than its capacity for reasons other than:
>
> (1) Protection of the contents of the package;
>
> (2) The requirements of the machines used for enclosing the contents in such package;
>
> (3) Unavoidable product settling during shipping and handling;
>
> (4) The need for the package to perform a specific function (e.g., where packaging plays a role in the preparation or consumption of a food), where such function is inherent to the nature of the food and is clearly communicated to consumers;
>
> (5) The fact that the product consists of a food packaged in a reusable container where the container is part of the presentation of the food and has value which is both significant in proportion to the value of the product and independent of its function to hold the food,

7

>e.g., a gift product consisting of a food or foods combined with a container that is intended for further use after the food is consumed; or durable commemorative or promotional packages; or
>
>(6) Inability to increase level of fill or to further reduce the size of the package (e.g., where some minimum package size is necessary to accommodate required food labeling (excluding any vignettes or other nonmandatory designs or label information), discourage pilfering, facilitate handling, or accommodate tamper-resistant devices).

21 C.F.R. § 100.100. California Business and Professions Code § 12606.2(c) mirrors this language. Contrary to Defendant's assertion that Plaintiff's allegations regarding nonfunctional slack-fill are conclusory, Plaintiff's FAC sets forth detailed allegations, including references to consultation of experts, in support of the claim that the slack-fill in the Products' boxes is nonfunctional. *See, e.g.*, Dkt. 35 ¶ 34, 37, 39, 41, 42. Plaintiff has made sufficient allegations to survive a motion to dismiss claims based on nonfunctional slack-fill under federal and state regulation.

### 3. Unfair Business Practices.

Defendant next asserts that Plaintiff has not plausibly alleged that Defendant engaged in unfair business practices within the meaning of the UCL. (Dkt. 36.) To show unfair conduct under the UCL, California courts apply one of two tests. The first balances the utility of the defendant's conduct against the harm to the consumer. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1169 (9th Cir. 2012). The second requires a plaintiff to show how the defendant's conduct violated some public policy. *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 735 (9th Cir. 2007). The Court finds that Plaintiff has plausibly alleged unfair business practices under either test. As discussed above, the Court here concludes that Plaintiff has plausibly stated claims for violation of the governing slack-fill regulations. Accordingly, harm to the consumer and nonfunctionality of Defendant's conduct has been sufficiently alleged to satisfy the test articulated in *Davis*, and violation of public policy expressed in those regulations has been sufficiently alleged to satisfy the test articulated in *Lozano*.

### 4. Causation and Damages.

Defendant asserts that Plaintiff has not shown that the allegedly deceptive packaging of the

1  Products was the proximate cause of any injury to Plaintiff. (Dkt. 36.) The Court finds that
2  Plaintiff has plausibly pled causation and damages. "There are innumerable ways in which
3  economic injury from unfair competition may be shown. A plaintiff may (1) surrender in a
4  transaction more, or acquire in a transaction less, than he or she otherwise would have; (2) have a
5  present or future property interest diminished; (3) be deprived of money or property to which he or
6  she has a cognizable claim; (3) be required to enter into a transaction, costing money or property,
7  that would have been unnecessary." *Kwikset Corp. v. Superior Ct.*, 51 Cal. 4th 310, 323 (2011).
8  Here, Plaintiff clearly and unambiguously alleges that she paid more for the candies based on the
9  size of their opaque packaging than she otherwise would have, as well as that she received less
10 candy for her money than she expected to receive. These sources of economic injury are sufficient
11 to show causation and damages.
12 　　　　The Court distinguishes *Stemm* here. In *Stemm*, the Northern District of Illinois found that
13 the plaintiff had not established causation on the basis that "she expected to receive more candy
14 than she did." 374 F. Supp. 3d at 743. There, the Court was applying Illinois law, which provides
15 for damages only if the plaintiff paid something more than the actual market value of the property.
16 *Id.* (citing *Mulligan v. QVC, Inc.*, 382 Ill. App. 3d 620, 321 Ill. Dec. 257, 888 N.E. 2d 1190, 1197-
17 98 (2008). However, California law very clearly allows plaintiffs to recover economic loss in the
18 form of their expectancy. Kwikset, 51 Cal. 4th at 323. Plaintiff has sufficiently alleged the
19 economic harm necessary to establish causation and damages and to survive a motion to dismiss.
20 　　　　**5.　　Particularity.**
21 　　　　Defendant argues that Plaintiff has not pled fraud with particularity as required by Federal
22 Rule of Civil Procedure 9(b) because she has not pointed to any false statements made by
23 Defendant. Courts apply the requirements of Rule 9(b) to claims under the UCL, FAL, and
24 CLRA. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (Rule 9(b) applies to
25 UCL and CLRA); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1122-23 (C.D. Cal. 2010)
26 (Rule 9(b) applies to FAL). Rule 9 requires allegations of fraud to be specific enough for
27 defendants to defend against them rather than issuing blanket denials. Bly-Magee v. California,
28 236 F.3d 1014, 1019 (9th Cir. 2001). "Averments of fraud must be accompanied by the who,

9

1    what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317
2    F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).  The Court finds that the requirements of Rule
3    9 are satisfied in this case.  Plaintiff has made specific allegations under the UCL, FAL, and
4    CLRA of misleading conduct by Defendant that establish the who, what, when, where, and how of
5    the conduct alleged.  (Dkt. 35 ¶¶ 1-3, 9, 10-13, 37-43, 44-58.)  The fact that there is no actual
6    misstatement on the Products' boxes does not make consumer deception under the UCL, FAL, or
7    CLRA impossible, as discussed above.  Plaintiff has pled her fraud claims with sufficient
8    particularity.

**6.     Implied Warranty.**

Plaintiff has stated a claim for breach of the implied warranty of merchantability.  Under California law, the implied warranty of merchantability is breached when the product at issue is not fit for its ordinary purposes.  *See Isip v. Mercedes-Benz, U.S.A., LLC*, 155 Cal. App. 4th 19, 24 (2007).  Plaintiff alleges that the Products' boxes violated the implied warranty of merchantability because they did not contain enough candy for their size.  (Dkt. 35 ¶ 200.)  Because the reasonable consumer might have assumed that the ordinary purpose of a large candy box was to contain a large amount of candy, Plaintiff survives dismissal as to this claim.

**7.     Express Warranty.**

Similarly, Plaintiff has stated a claim for breach of express warranty.  Under California law, a plaintiff may state a claim for breach of the express warranty of merchantability upon a showing that (1) the seller's statements constitute an "affirmation of fact or promise" OR a "description of the goods;" (2) the statement formed part of the basis for the bargain; and (3) the warranty was breached.  *Weinstat v. Detsply Internat., Inc.*, 180 Cal. App. 4th 1213, 1227 (Cal. Ct. App. 2010).  Here, the size of the Products' boxes constitutes a "description of the goods" that formed a part of the basis for Plaintiff's decision to purchase the candies.  Plaintiff alleges that Defendant breached the express warranty of the packaging by putting inside it less candy than the size of the box suggested.  Accordingly, Plaintiff's allegations meet each of the requirements for a claim for breach of express warranty.

### 8. Unjust Enrichment.

Finally, Plaintiff has stated a claim for unjust enrichment. Under California law, the elements of an unjust enrichment claim "are the benefit and the unjust retention of the benefit at the expense of another." *Peterson v. Celleo Partnership*, 164 Cal. App. 4th 1583, 1594 (2008). An unjust enrichment claim sounds in quasi-contract and seeks restitution for money wrongly earned by a defendant. *Smith v. Keurig Green Mt., Inc.*, 393 F. Supp. 3d 837, 849 (N.D. Cal. 2019). Here, Plaintiff has alleged that Defendant received and retained an economic benefit from the sale of wrongly underfilled products to Plaintiffs. (Dkt. 35 ¶¶ 184-188.) These allegations are sufficient to state a claim for unjust enrichment.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss the First Amended Complaint in its entirety.

**IT IS SO ORDERED**.

Dated: July 27, 2021

_____
SALLIE KIM
United States Magistrate Judge